[Criminal No. 336.   Filed June 15, 1914.]

[141 Pac. 570.]

JIM YULE, Appellant, v. STATE, Respondent.

CRIMINAL LAW—TIME OF TRIAL—DISCHARGE OF ACCUSED FOR DELAY.—
Under Constitution, article 2, section 24, providing that the accused
shall have a right to a speedy public trial, and Penal Code of 1913,
section 1274, providing that, unless good cause to the contrary is
shown, the court must order the prosecution to be dismissed, if a
defendant whose trial has not been postponed upon his application
is not brought to trial within 60 days after indictment, where de-
fendant, after being found guilty and granted a new trial, was not
brought to trial for 95 days, though he had obtained no postpone-
ment, a trial jury had been drawn and in attendance during that
time, and no cause whatever for the delay was shown, he was entitled
to be discharged.

[As to right of accused to speedy trial, and his remedy for enforc-
ing it, see notes in 41 Am. Dec. 604; 85 Am. St. Rep. 187; Ann.
Cas. 1912D, 1273.]

APPEAL from a judgment of the Superior Court of the
County of Gila.   G. W. Shute, Judge.   Reversed.

The facts are stated in the opinion.

Mr. F. C. Jacobs, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C.
Hardy, Assistant Attorney General, for Respondent.

CUNNINGHAM, J.—This appeal is prosecuted from an
order refusing to discharge appellant upon *habeas corpus.*
The appellant was charged by information with one Yoshida
of an assault with intent to kill one Wing Lee with a knife.
The information was filed September 13, 1912.   Appellant

was arraigned on September 14, 1912, and entered his plea of
not guilty on September 16, 1912. A trial was had September 20, 1912, which resulted in a verdict of guilty of an assault
with a deadly weapon. On October 19, 1912, a new trial was
ordered on motion of appellant. January 14, 1913, the case
was set for trial on January 23, 1913. On the last-mentioned
date appellant filed his motion to dismiss the cause for failure
to prosecute the same, upon the alleged grounds that more
than 60 days had elapsed since the new trial was ordered on
October 19, 1912, and alleging that the trial has not been post-
poned at the instance of appellant. This motion was heard
on January 27, 1913, upon the record and affidavit of the
appellant filed in support of the motion. This affidavit sets
forth that appellant had been confined in the county jail of
Gila county since October 19, 1912, upon the charge laid in
the information; that during that period of time a trial jury
has been drawn and in attendance on the court during Decem-
ber, 1912, and again on January 6, 1913; and that affiant has
not asked for a postponement of the trial nor consented
thereto. These facts are not disputed, and no excuse is of-
fered by the prosecution why the cause has not been brought
to trial. The motion·to dismiss was denied on January 27,
1913, and the cause set for trial for February 27, 1913, and
the appellant was ordered remanded to jail. On February
24, 1913, appellant filed his petition for a writ of *habeas cor-
pus*, alleging that he is illegally restrained of his liberty be-
cause he has not been brought to trial upon said charge, and
60 days have elapsed and expired since the date of granting
him a new trial, and such delay has not been caused by him,
nor has appellant consented to such delay. The writ was
denied February 27, 1913. From the order denying the writ,
this appeal is prosecuted.

The appellant contends that paragraph 1158, Penal Code of
1901, paragraph 1274, subdivision 2, Penal Code of Arizona
of 1913, and section 24, article 2, of the state Constitution,
entitle him to his discharge upon his application, unless, for
good cause shown, he is not given a trial within 60 days after
the motion for a new trial was granted. The record discloses
that the order·granting a new trial was made on October 19,
1912, and appellant's application for discharge was made Feb-

ruary 24, 1913, at the expiration of 95 days, and that the prosecution shows no cause whatever for this delay.

Section 24 of article 2, Constitution, provides that:

"In criminal prosecutions, the accused, shall have the right . . . to have a speedy public trial by an impartial jury of the county. . . . "

The legislature defines and limits the meaning of a "speedy" trial. Paragraph 1274, Penal Code of 1913, provides:

"The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: . . .

"(2) If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment or the filing of the information."

The attorney general, upon the part of the prosecution in this court, makes no contention in support of the order involved.

The fact appearing that one trial was had and the result vacated on October 19, 1912, is a sufficient cause shown why appellant was not awarded a fair and impartial trial up to that date. But such failure of trial is no cause why the appellant has been deprived of his liberty without his consent an additional 95 days. If good cause therefor existed, the prosecution would have shown it, is readily to be inferred. We must presume that the sworn officers of the law will perform their official duties, and certainly it was the official duty of the county attorney to show such cause as existed why this action had not been prosecuted. No good cause existed we must conclusively presume.

California has substantially the same constitutional guaranty found in our Constitution and a statute identical with ours above quoted. Article 1, sec. 13, Cal. Const.; paragraph 1382, Cal. Pen. Code. *In Re Begerow,* 133 Cal. 349, 85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828, the supreme court had before it the identical question here presented, arising upon *habeas corpus* when a mistrial was had and 84 days elapsed thereafter before any further trial was prosecuted. After considering the authorities on the question, the court says:

"That the defendant had been brought to trial, and a mistrial had, excused the delay until that time, and it was assumed that there must elapse 60 days during which there was no excuse for delay. And, indeed, a mistrial is not a trial, within the meaning of the constitutional or statutory provision. The fact that there has been an attempted trial may constitute the good cause which the prosecution is required to show to excuse delay; but the speedy trial which is guaranteed is for the purpose of determining the guilt or innocence of the accused person, and the guaranty of the Constitution, and of the *habeas corpus* act of England, are of no substantial advantage if they mean less than this. . . . It only remains to say that the statute does not authorize the state or its officers to hold an accused person in imprisonment unnecessarily, even for 60 days. . . . When the prosecution is begun, the state becomes a party litigant, and, as such, must diligently prosecute its case. No unnecessary delay against the will of the defendant is to be allowed to it."

No other just, fair meaning can be given these provisions of the law.

The order is reversed, and the defendant is ordered discharged and the cause dismissed.

FRANKLIN, C. J., and ROSS, J., concur.

---

NOTE.—The authorities on the question of the delay of prosecution as ground for the discharge of the accused are gathered in a note in 56 L. R. A. 513.