AMERICAN FOUNDRY AND FURNACE COMPANY, Appellant, vs. SETTERGREN and another, Respondents.

*December 5, 1906—January 8, 1907.*

*Sales: Offer to accept return of goods: Failure to return: Remedy of seller: Consideration: Breach of contract: Damages: Appeal and error: Conflict of evidence: Findings: Market value: Witnesses: Competency.*

1. A buyer, having received goods ordered accompanied by an invoice, objected to the price and sent his check to the seller for the amount he claimed to be a fair price. The seller immediately replied insisting on the price named in the invoice, but gave the buyer the option to keep the goods at the demanded price or to redeliver the goods to the seller at once. The buyer thereupon requested the return of his check, which was returned, but failed to redeliver the goods. *Held:*

    (1) The return of the check was a sufficient consideration for the promise of the buyer to redeliver the goods.

    (2) The inconsistent conduct of the buyer in retaining and using the goods gave the seller the right to elect to hold the buyer on an implied contract to pay the demanded price, or to stand on the contract to return the goods and to recover its damages instead of the demanded price.

2. In such case, the seller having elected to stand on the contract to return the goods, its damages, in the absence of peculiar circumstances, were the market value of the goods.

3. In such case the election of the seller opens the door to the buyer to offer proof in negation of the damages claimed, and, there being conflict of evidence upon that subject, it was *held* that the verdict of the jury could not be set aside on appeal.

4. Where a witness, called to prove market values, appears sufficiently familiar in general with that subject to arouse the judicial duty of the trial court to decide as to his qualifications, the decision of that court will be affirmed unless clearly wrong.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Defendants, local hardware dealers, ordered from the Ruttan Manufacturing Company certain bar grates for one of their furnaces in use in a school building at Baraboo. They received from the plaintiff such grates, which were turned over to the school officers and put into the furnace. A few days later defendants received from the plaintiff a bill of $45 for the grates, with the explanation that the plaintiff was the successor to the business of the Ruttan Manufacturing Company. Defendants objected to the price, and sent their check for $21.37, which they claimed to be fair. Plaintiff immediately replied that the manufacturers had raised price of these grates, and they could not be obtained for less, but gave defendants the choice to retain the goods and pay the price of $45 for same, or to return them to the shipper at once. To this proposition the defendants replied November 14, 1902, by letter, that, upon return of their check, the goods would be returned at once, as per instruction. The check was sent them. Upon a later inquiry defendants wrote, December 11th, "the furnace repairs that you refer to have been returned, as per instructions;" but, as matter of fact, they never did return them, and they remained in the school furnace permanently. About December 31st a set of castings was made by a local foundryman from those grates as patterns, and those castings were sent in pretended return of the grates, but were refused. The complaint, after amendment in circuit court, declared that prior to November 14th defendants were in possession of these goods received from plaintiff; that on that date defendants agreed with plaintiff that they would return and redeliver said goods, but that they had wholly failed and neglected so to do, and thereby plaintiff had suffered damage in the sum of $60, together with interest on $45 from November 14th, for which amounts judgment was prayed. The foregoing facts were established without controversy, ex-

cept as to the damages. Upon the trial but one issue was submitted to the jury, namely, the reasonable value of the property in question in October, 1902, which was answered by the jury to be $20.62. The defendants, before suit, having tendered $26.25, and maintained the tender by delivering it into court, the judgment directed that such sum of $26.25 be turned over to plaintiff, and that defendants recover judgment for costs. From this judgment the plaintiff appeals.

For the appellant there was a brief by *Bentley & Kelley* and *F. C. Eschweiler,* and oral argument by *F. R. Bentley.*

For the respondents there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *Evan A. Evans.*

Dodge, J. It can hardly be doubted that the defendants, by promising upon sufficient consideration, namely, the return of their check, to redeliver the property in question, and by their inconsistent conduct in retaining and using the grates. after notice to them that they could do so only upon payment of the price of $45, gave to the plaintiff the right to elect to hold them to either of two contracts. By their retention of the grates after such notification they had doubtless so acted as to give plaintiff a right to insist on an implied contract to pay therefor $45 (*Wellauer v. Fellows,* 48 Wis. 105, 4 N. W. 114) ; but by previously promising, for a consideration, to return the grates, they had entered into another contract upon which plaintiff might also rely. If it elected the former, plaintiff could recover only the agreed price of $45. If, however, relying on their promise to return the grates, plaintiff had, within reasonable anticipation of the parties, entered into new engagements with reference thereto, or otherwise changed its situation, its damages might exceed that sum, and. such damages it would be entitled to recover. It also, in such case, might be able to prove that the price named for such grates was less than their real value, and that the failure to return them to it had caused damage to such full value. In.

this situation the plaintiff elected to stand upon the contract
to return the goods and to recover its damages instead of the
agreed price, and alleged such damages to be $60 and some
interest instead of $45 and interest, which must have meas-
ured its recovery had it elected otherwise.  There is no am-
biguity in the grounds on which the plaintiff stands in this
action.  It is the recovery of the damages suffered by it from
breach of the contract to return.  Ordinarily, and in the ab-
sence of peculiar circumstances, the damages resulting from
the failure to deliver an article of merchandise is the rea-
sonable market value thereof, upon the assumption that the
plaintiff could have supplied himself with the same articles
by paying such reasonable market value.  Of course, this
amount might be enhanced by special circumstances, such as
necessity of expense or delay and consequent loss of profit,
if such could be proved and were within the reasonable antici-
pation of the parties.  *Kelley, M. & Co. v. La Crosse C. Co.*
120 Wis. 84, 97 N. W. 674.  Had the plaintiff been able to
satisfy the jury that the market conditions with reference to
these particular articles were such that it could not supply it-
self with like property for less than $45, or even for less than
the $60 claimed, its recovery might have extended to such
sum, but it had, of course, opened the door to the defendants
to offer proof in negation of any such amount of damages,
and, to that end, to call witnesses as to the market value.  In
other words, plaintiff, in seeking to enhance its recovery above
the price which had been agreed upon, opened the door to
proof that its damages from nonreturn were really less than
that price, as indeed they were if it could have obtained a
new supply of such grates without expense or other injury at
less than $45.  Hence we can see no escape from the con-
clusion that the evidence as to reasonable value was admissi-
ble, nor, since there was conflict of evidence upon the subject,
that the verdict of the jury cannot be set aside upon appeal.

The overruling of plaintiff's objection to qualification of

defendants' witnesses to testify as to market values we do not think presents error. Sufficient familiarity in general with the subject of market values of such property was shown to arouse the judicial duty of the trial court to decide as to such qualification, and we cannot say that his decision is so clearly wrong that it can be held erroneous upon appeal, under the rule so often announced as to the weight to be given to the decision of the trial court as to competency of witnesses or other forms of evidence. *Hupfer v. Nat. D. Co.* 119 Wis. 417, 427, 96 N. W. 809.

*By the Court.*—Judgment affirmed.