Argued March 27, reversed April 14, 1914.

# STATE v. JENSEN.

### (140 Pac. 740.)

**Criminal Law—Appeal—Review—Questions of Fact.**

1. Under Section 732, L. O. L., declaring incompetent as witnesses children under 10 years of age who appear incapable of receiving just impressions of the facts or of relating them truly, the decision of the trial court as to the competency of a witness four years of age will not be disturbed if there is any evidence to sustain it.

[As to the competency of children as witnesses, see note in 124 Am. St. Rep. 295.]

**Criminal Law—Evidence—Other Offenses.**

2. In a prosecution for assault with intent to rape, the admission of evidence of a prior assault by accused upon another female with intent to rape infringes the constitutional right of the defendant to demand the nature and cause of the accusation against him.

[As to when evidence is admissible of other offenses by accused, see notes in 44 Am. Rep. 299; 105 Am. St. Rep. 976. As to method of proving conviction of crime to impeach defendant in criminal case, see note in Ann. Cas. 1914C, 256.]

**Witnesses—Impeachment—Defendant in Criminal Prosecution.**

3. Under Section 1534, L. O. L., giving the defendant in a criminal prosecution the right to testify, but providing that he shall then be deemed to have given the prosecution the right to cross-examination on all facts to which he has testified, it is error, in a prosecution for assault with intent to rape, to permit cross-examination of the defendant, who has testified, as to trouble between him and another girl, to which he made no allusion on his direct examination.

[As to cross-examination of accused in criminal prosecutions, see note in 38 Am. St. Rep. 895.]

From Multnomah: GEORGE N. DAVIS, Judge.

The defendant, J. Jensen, was indicted for an assault with intent to commit rape on a female child of the age of four years, and convicted of simple assault, and appeals. REVERSED.

For appellant there was a brief over the names of *Mr. John A. Jeffrey* and *Mr. Charles E. Lenon,* with an oral argument by *Mr. Jeffrey.*

For the State there was a brief over the names of *Mr. John A. Collier* and *Mr. Everett L. Jones,* Deputy

District Attorneys, with an oral argument by *Mr. Collier.*

Department 2. MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is first contended that the court was wrong in allowing the complaining witness to testify, she being but four years of age. It is said in Section 732, L. O. L., that the following "persons are not competent witnesses * * children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly; * * "

It is settled in the case of *State* v. *Jackson,* 9 Or. 459, that the competency of a child under 10 years of age to be a witness is a preliminary question to be decided as a fact by the trial judge who has the opportunity to see and hear the witness and determine more accurately the propriety of admitting the testimony of such a witness than we can on any mere paper record. It is a principle that when there is any evidence to sustain the decision of the trial court on such a question, the appellate court will not disturb its determination: *Geer* v. *Durham Water Co.,* 127 N. C. 349 (37 S. E. 474); *Virginia I. C. & C. Co.* v. *Tomlinson,* 104 Va. 249 (51 S. E. 362); *American F. & F. Co.* v. *Settergren,* 130 Wis. 338 (110 N. W. 238); *Allen* v. *Durham Traction Co.,* 144 N. C. 288 (56 S. E. 942); *Horne* v. *Consolidated Ry., Lt. & P. Co.,* 144 N. C. 375 (57 S. E. 19); *Municipal Court* v. *Kirby,* 28 R. I. 287 (67 Atl. 8); *Yates* v. *Garrett,* 19 Okl. 449 (92 Pac. 142); *Bierce Mfg. Co.* v. *Phelps,* 130 U. S. 520 (32 L. Ed. 1035, 9 Sup. Ct. Rep. 601).

2. Over the objection of the defendant the court permitted another female witness for the prosecution to tell of an alleged assault by the defendant with an

intent to commit rape upon her at a time and place
entirely disconnected from the transaction mentioned
in the indictment. The law on this question is set-
tled in this state adversely to the prosecution by the
cases of *State* v. *Start,* 65 Or. 178 (132 Pac. 512, 46
L. R. A. (N. S.) 266), and *State* v. *McAllister,* 67 Or.
480 (136 Pac. 354). To allow such testimony is to
infringe the constitutional right of the defendant to
demand the nature and cause of the accusation against
him. Such procedure might be palliated if there was
any provision for giving the defendant notice of the
other charges in such cases; but it is utterly repugnant
to justice and fair play to accuse a person of a stated
crime and make that the excuse for what is really try-
ing him for a number of others by springing them
unheralded upon the attention of the jury to produce
a verdict of guilty which might not result except for
the bias thus imparted to the minds of the jurors:
*State* v. *Dunn,* 53 Or. 304, 314, 318 (99 Pac. 278, 100
Pac. 258).

3. The defendant was a witness in his own behalf,
and over his objection he was compelled by the court
on cross-examination to testify respecting an alleged
trouble between him and a young girl in Bellingham,
Washington, to which he had made no allusion what-
ever in his direct testimony. Section 1534, L. O. L.,
here follows:

"In the trial of or examination upon all indictments,
complaints, informations, and other proceedings be-
fore any court, magistrate, jury, grand jury, or other
tribunal, against persons accused or charged with the
commission of crimes or offenses, the person so
charged or accused shall, at his own request, but not
otherwise, be deemed a competent witness, the credit
to be given to his testimony being left solely to the
jury, under the instructions of the court, or to the dis-
crimination of the magistrate, grand jury, or other

tribunal before which such testimony may be given; provided, his waiver of said right shall not create any presumption against him; that such defendant or accused, when offering his testimony as a witness in his own behalf, shall be deemed to have given to the prosecution a right to cross-examination upon all facts to which he has testified, tending to his conviction or acquittal."

Under this statute the ruling of the court on this question is contrary to the following cases: *State* v. *Lurch,* 12 Or. 99 (6 Pac. 408); *State* v. *Saunders,* 14 Or. 300 (12 Pac. 441); *State* v. *Bartmess,* 33 Or. 110 (54 Pac. 167); *State* v. *Miller,* 43 Or. 325 (74 Pac. 658); *State* v. *Deal,* 52 Or. 568 (98 Pac. 165); *State* v. *Lem Woon,* 57 Or. 482 (107 Pac. 974, 112 Pac. 427). While an ordinary witness may be cross-examined as this defendant was, for which *State* v. *Bacon,* 13 Or. 143 (9 Pac. 393, 57 Am. Rep. 8), and other like precedents are authority, yet the cross-examination of a defendant must be strictly confined to matters disclosed in his direct examination, subject to the qualification that he may be impeached by showing that he has been convicted of a crime, or that he has made statements inconsistent with his present testimony on material matters.

For these reasons the judgment of the Circuit Court is reversed and a new trial ordered. REVERSED.

MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.

MR. JUSTICE MCNARY delivered the following specially concurring opinion:

To the result reached in this case by Mr. Justice BURNETT, I concur upon the proposition that error was committed by the court in requiring defendant on cross-examination to testify concerning matters extraneous to those elicited from him on his direct

examination.    Upon the other ground of reversal I dissent, following the doctrine announced in the dissenting opinions in the case of *State* v. *Start,* 65 Or. 178 (132 Pac. 512, 46 L. R. A. (N. S.) 266), and in the case of *State* v. *McAllister,* 67 Or. 480 (136 Pac. 354).