Argued April 6, reversed July 7, 1914.

## STATE *v.* ROSENBERG.*

(142 Pac. 624.)

**Criminal Law—Delay in Trial—Dismissal of Indictment—Grounds.**

Under Section 1701, L. O. L., providing that, if a defendant, whose trial has not been postponed on his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable after it is found, the court must order the indictment to be dismissed unless good cause to the contrary be shown, where the defendant was indicted in September, 1912, and there were terms of the court beginning the third Monday of February, June, and September, respectively, the defendant was entitled to have the indictment dismissed on motion made in December, 1913, though defendant might have had his case tried at any of the terms mentioned, and the district attorney attempted to agree with defendant's attorney as to a time for trial but was unable to do so.

[As to right of accused to a speedy trial and what amounts to a denial thereof, see note in 85 Am. St. Rep. 187.]

From Clatsop: JAMES A. EAKIN, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

On the 19th of September, 1912, the defendant, C. C. Rosenberg, was indicted, charged with practicing medicine without a license, to which, on September 20, 1912, he pleaded not guilty, and on the 11th day of December, 1913, moved the court to dismiss the in-

---

* The authorities on the question of delay of prosecution as ground of discharge are gathered in a note in 56 L. R. A. 513.    REPORTER.

dictment under Section 1701, L. O. L. The terms of Circuit Court for Clatsop County begin the third Monday of each of the months of February, June and September of each year; the June term not being a jury term, except by special order of the judge. At the June term defendant's case was set for trial, to be heard on the 19th of September, 1913. A jury was ordered by the judge for the June, 1913, term. It was shown by affidavit of defendant and his attorney upon the hearing of said motion that the case had not been called for trial during the February, 1913, June, 1913, or September, 1913, terms of said court, and that the postponement thereof was without defendant's request or consent and without any cause shown therefor; that during the year 1913, until November, E. B. Tongue was district attorney of said district, and filed an affidavit in resistance of said motion, in which he stated that defendant could have had the cause tried, if he had so desired, at any of said terms of court, and that he attempted to agree with defendant's attorney as to a time for the trial, but was unable to do so. The motion was denied, from which ruling defendant appeals.                                    REVERSED.

For appellant there was a brief over the names of *Mr. A. W. Norblad* and *Mr. J. T. Jeffries,* with an oral argument by *Mr. Norblad.*

For the State there was a brief and an oral argument by *Mr. C. W. Mullins,* District Attorney.

MR. JUSTICE EAKIN delivered the opinion of the court.

Section 1701, L. O. L., provides:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his

consent, be not brought to trial at the next term of the court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown.''

And by Section 1606, L. O. L., we find:

''An appeal to the Supreme Court may be taken by defendant from * * an order refusing to dismiss the indictment as provided for in Section 1601.''

These sections put no duty upon defendant in regard to having the indictment brought to trial at the February, 1913, term. It was the duty of the court to dismiss the indictment unless good cause was shown for a continuance. The June term was also one at which the case was triable, and it was not postponed for cause shown. Therefore, in December, 1913, defendant was entitled to have the indictment dismissed, and the court erred in denying this motion.

The order is reversed and the indictment dismissed.

REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.