Argued November 21, affirmed December 30, 1919.

## STATE v. BATEHAM.*

(186 Pac. 5.)

**Criminal Law—Failure to Try Accused at First Term of Court.**

1. A defendant who was not brought to trial at the next term after filing of the indictment, unless the postponement was upon his application or by his consent, is entitled to have the indictment dismissed as of course, unless good cause is shown by the state, under Section 1701, L. O. L.

**Criminal Law—Accumulation of Cases "Good Cause" for Postponement of Prosecution.**

2. Accumulation of undetermined cases may be sufficient to prevent the discharge of an accused under Section 1701, L. O. L., where he is not brought to trial at the next term of court after the filing of the indictment, such an accumulation, where it prevents the case of an accused being reached for trial, being "good cause" for postponement within the meaning of such statute.

**Criminal Law—Discretion of Court as to Postponement.**

3. Whether the state has shown "good cause" for having failed to try an accused at the next term of court following filing of an indictment as required by Section 1701, L. O. L., rests largely in the discretion of the trial court.

**Witnesses—Competency of Children.**

4. Whether proffered witnesses under 10 years of age are incapable of receiving just impressions of facts respecting which they are examined within the meaning of Section 732, L. O. L., is a question for the decision of the trial judge who sees them, hears them and has opportunity to test their understanding and intelligence to his satisfaction.

[As to competency of an infant as witness, see note in 14 Ann. Cas. 3.]

**Criminal Law—Review of Decision Concerning Capability of Child Witness.**

5. A decision of the trial court as to whether or not proffered witnesses under 10 years of age are incapable of receiving just im-

---

*For authorities passing on the question of competency of children as witnesses generally, see note in 19 L. R. A. 607.

On age of alleged accomplice in sexual offense as affecting the necessity of corroboration of testimony, see note in L. R. A. 1915E, 1222.

On evidence of good character to raise the question of reasonable doubt, see note in 20 L. R. A. 609.          REPORTER.

pressions of the facts respecting which they are examined under Section 732, L. O. L., is a decision of a preliminary question of fact which cannot be disturbed on appeal, if there is any evidence in the record to support it.

### Criminal Law—Evidence to Show Other Crimes Inadmissible.

6. It is prejudicial error to admit evidence tending to show accused guilty of any crime other than that charged in the indictment.

### Witnesses—Criminal Law—Cross-examination of Character Witnesses.

7. In a prosecution for taking liberties with a female child, defendant having put witness on the stand to testify to his reputation as a moral, law-abiding man, prosecution was properly permitted, on cross-examination of the witnesses, to ask if the witnesses had ever heard of the defendant's taking improper liberties similar to that described in the indictment with the person of another female child, naming such child, and the matter of cross-examination, where an accused tenders his supposed good character in evidence, rests largely within the discretion of the trial judge but is subject to review in case of abuse of discretion.

### Criminal Law—Witnesses—Cross-examination of Character Witnesses.

8. Although a defendant who tenders his supposed good character in evidence thereby invites scrutiny and disclosure of specific generic instances of his misconduct that may incidentally impute to him guilt of other crimes, it would be reversible error for the state to ask questions on cross-examination of character witnesses solely for the purpose of intimating to the jury that the defendant was guilty on other charges of like nature, which the state's attorney could not prove directly and which had no foundation within his knowledge or information.

### Criminal Law—Child not an "Accomplice."

9. To be an "accomplice" one must be of sufficient intelligence and understanding knowingly to enter into and help carry out a plan for the commission of the crime, and must actually participate, and a little girl who is a victim rather than a participant is not an accomplice of one prosecuted for sodomy.

### Criminal Law—Reasonable Doubt—Character Evidence may be Considered.

10. The jury must consider all the testimony, that about character as well as all other, and if, taken all together, there remains a reasonable doubt of the defendant's guilt, he is entitled to acquittal.

### Criminal Law—Instructions as to Reasonable Doubt.

11. If a jury bases reasonable doubt on testimony about good character of the accused, the resulting acquittal is legitimate; but the court has no right to instruct the jury that such testimony is sufficient for that purpose, as such an instruction would be an invasion of the province of the jury, in view of Section 139, L. O. L.

### Criminal Law—Credibility of Evidence is for Jury.

12. In a criminal prosecution, the weight of the evidence and the credibility of the witnesses are questions solely for the jury, and the appellate court will not be moved by defendant's contention against the probability of the truth of the testimony against him.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

On July 30, 1918, the defendant was indicted in Multnomah County for an offense defined and made punishable by Section 2099, L. O. L., as amended by Chapter 21, Laws of 1913. He was tried December 20th of that year and from the resulting judgment of conviction he has appealed.        AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Wilson T. Hume* and *Mr. O. A. Neal.*

For the State there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, *Mr. J. L. Hammersley,* Deputy District Attorney, and *Mr. E. F. Bernard,* with an oral argument by *Mr. Bernard.*

BURNETT, J.—The first contention of defendant is that he was entitled to have the indictment dismissed because he had not been brought to trial at the next term after accusation had been filed. He relies upon Section 1701, L. O. L., reading thus:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown."

The terms of Circuit Court in Multnomah County begin on the first Monday of each month and end on the last secular day of that month except that the June term extends to the first Monday in September. The defendant was arraigned and pleaded not guilty during August after the filing of the indictment. Later on, his trial was appointed for December 3, 1918. At

that time he moved to have the indictment dismissed for the reason above noted, and supported it by his affidavit to the effect that the delay of trial was not of his asking and that the September, October and November terms had passed without his having been brought to trial. He also made a showing based on official reports to the effect that during the year 1918, prior to that time, the Circuit Court had tried only seventy criminal cases. The state opposed the motion by affidavits disclosing in substance that the trial docket of the Circuit Court was so crowded with cases at issue and for trial that it was impossible to reach the defendant's case earlier; that at the end of each term the court had made a general order continuing all unfinished business to the next following term for the want of time to dispose of it, and that owing to the prevalence of influenza and in deference to the requirements of the board of health no jury had been summoned for the November term.

1–3. The crucial question is whether the state has brought itself within the exception embodied in the last clause of Section 1701, L. O. L., "unless good cause to the contrary be shown." If no cause is shown by the state, the defendant is entitled to have the indictment dismissed as of course. This is the effect of *State* v. *Rosenberg,* 71 Or. 389 (142 Pac. 624), and its companion case, *State* v. *Hellala,* 71 Or. 391 (142 Pac. 624). Absence of any showing on behalf of the prosecution is the basic reason of the decision in *Ex parte Begerow,* 133 Cal. 349 (65 Pac. 828, 5 Am. St. Rep. 178, 56 L. R. A. 513), and *People* v. *Morino,* 85 Cal. 515 (24 Pac. 892). In *State* v. *Kuhn,* 154 Ind. 450 (57 N. E. 106), the state appealed from an order of the trial court dismissing the indictment on motion of the defendant. A trial had resulted in a disagreement of

the jury and three full terms of court had elapsed after-
wards without the cause having been called for trial,
all without fault of the defendant.   There was no ex-
ception in the Indiana statute similar to the one under
consideration in the Oregon Code, and on that ground
the Supreme Court of that state held that the lapse of
three terms gave the defendant the absolute right to
be discharged.   *Van Buren* v. *People,* 7 Colo. App. 136,
(42 Pac. 599), follows the earlier case of *Cummins* v.
*People,* 4 Colo. App. 71 (34 Pac. 734), and is based on
a statute of that state which was construed to give the
court no discretion to detain a defendant beyond three
terms of court unless the delay was due to his action or
consent.   *In re Von Klein,* 67 Or. 298 (135 Pac. 870),
and *Ex parte Clark,* 79 Or. 325 (154 Pac. 748, 155 Pac.
188), are cases in which the effort was to compel the
Circuit Court by *mandamus* to dismiss the indictment
because of the situation portrayed in Section 1701,
L. O. L.; but the writ was denied in each instance on
the ground that the remedy by appeal was adequate to
redress the defendant's grievance in the denial of his
motion.   This disposes of all the precedents cited by
the defendant on this branch of the case.   On the con-
trary we have lately decided in substance in *State* v.
*Bertschinger,* 93 Or. 404 (177 Pac. 63), that an accu-
mulation of undetermined cases is sufficient to prevent
the discharge of the defendant, and this doctrine is
supported by paragraph XI of the extended note to
*Ex parte Begerow* in 56 L. R. A. 513.   We cannot draw
a conclusion favorable to the defendant from the fact
that only seventy criminal cases were tried in the
Multnomah Circuit Court during the period mentioned
in the affidavit on that subject.   To aid the Fabian pol-
icy of the defense, the showing of the state ought to be
combated by sworn statements disclosing that there

were times during the terms succeeding the return of the indictment when the court could have heard this case. The case made by the state of "good cause to the contrary" appeals largely to the discretion of the trial court and we are not prepared to say from the record before us that the discretion was abused in this instance.

4, 5. The prosecutrix named in the indictment was nine years old and another child used as a witness was seven, at the time of trial, and error is predicated by the defendant on the ruling of the court permitting them to testify for the prosecution. "Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly," are not competent witnesses: Section 732, L. O. L. Whether such proffered witnesses are incapable within the meaning of the statute is a question for the decision of the trial judge who sees them, hears them and has opportunity to test their understanding and intelligence to his satisfaction. In that matter and in the first instance he decides a preliminary question of fact and that his decision in that matter cannot be disturbed on appeal, if there is any evidence in the record to support it, is taught by the cases of *State* v. *Jackson,* 9 Or. 457, and *State* v. *Jensen,* 70 Or. 156 (140 Pac. 740), cited by the defendant. Moreover, a perusal of the record convinces us of the correctness of the decision of the trial judge on this point. The declarations of the witnesses in question evince an intelligence and clearness of statement amply sustaining the ruling permitting them to testify. Furthermore, the judge very properly cautioned the jury in substance that his decision was not to be taken as any intimation of the effect to be given

94 Or.—34

to the testimony of the little girls, so that the legal right of the defendant was not abused.

6–8. Several witnesses for the defendant testified on direct examination that his reputation as a moral, law-abiding man is good. On cross-examination, the prosecuting officer, over the defendant's objection, was permitted to ask each character witness in substance if he had ever heard that the defendant had taken with the person of a certain other little girl, named in the question, improper liberties similar to that described in the indictment. Both the act and name of the child were specified in the cross-interrogatory. In each instance the witness answered in the negative. The defendant contends that this was error, because thereby the state informed the jury by innuendo that the defendant was guilty of, or at least charged with, other like crimes, violating in principle the doctrine of such cases as *State* v. *Jensen,* 70 Or. 156 (140 Pac. 740). Those precedents teach that with certain exceptions, not here involved, it is prejudicial error to admit evidence tending to show the defendant guilty of any crime other than that charged in the indictment. If that were the question here at issue we would be compelled to award a new trial, for the precept is a just one and thoroughly grounded in the law. A distinction is to be drawn, however, between an attempt to offer direct testimony about other crimes, on one hand, and the limits of cross-examination, on the other, although something may thereby incidentally appear indicative of other criminality on the part of the defendant. Here the moral character of the accused was drawn directly in question. He himself invited inquiry about it by putting in testimony in general terms about his good character. Certainly the prosecution legitimately could ask the general cross-interrogatory if

the witness had ever heard of the defendant's doing acts of the same kind as that charged. That the cross-examiner may go further and specify the acts and the persons concerned, is established by *State* v. *Ogden,* 39 Or. 195 (65 Pac. 449), and *State* v. *Doris,* 51 Or. 136 (94 Pac. 44, 16 L. R. A. (N. S.) 660). The doctrine is that when a defendant, as he only can, tenders his supposed good character in evidence to influence the scale in his favor, he thereby invites scrutiny and disclosure of specific, generic instances of his misconduct to depreciate the weight of the testimony of his character witnesses, although the answers elicited may incidentally impute to him other guilt. Although it is a recognized element of cross-examination, it is subject to discretionary control of the trial judge, who will restrain its abuse. It is quite impossible definitely to fix the boundary between pettifoggery on one hand and proper cross-examination on the other, so as to govern all cases with exactness. It must be left to the discretion of the presiding judge, acting in the light of the circumstances of the case before him, subject to reversal if an abuse of discretion appears. The Ogden case especially is conclusive on the point immediately involved. No abuse of the court's prerogative appears. It is urged that the district attorney did not expect an affirmative answer to any such question, but there is nothing in the record by which we can determine that matter. If, in truth, he asked the questions solely for the purpose of intimating to the jury that the defendant was guilty on other charges of like nature, which he could not prove directly and which had no foundation within his knowledge or information, he was guilty of a most contemptible, unprofessional piece of pettifoggery. It would be beneath the dignity of any practicing lawyer, much more of a pub-

lic prosecutor, and should lead to a reversal. But that situation is not made to appear and the assignment of error on that point must be disregarded.

9. The testimony was to the effect that both the children were present at the time named in the indictment and that the act charged was committed by the defendant first upon one and then upon the other. His counsel argued that they were therefore both accomplices and that their testimony alone was not sufficient to sustain a conviction without corroboration. The court, however, charged the jury in effect that to be an accomplice one must be of sufficient intelligence and understanding knowingly to enter into and help carry out a plan for the commission of the crime, and not only so, but actually must have participated. In other words, to be accomplices the little girls must be participants rather than victims. The principle thus announced is sound and finds support by analogy in precedents to the effect that the female in a rape case who is below the age of consent cannot be an accomplice, however willing in fact she may have been to join in the criminal intercourse. The reason is that the law conclusively deems her to be incapable of the consent so necessary to stigmatize an accomplice.

10, 11. Last of all, the defendant insists that it was error for the court to refuse the following request to instruct the jury:

"You are further instructed that the defendant in this action has offered proof as to good character and reputation in the community, as to morality and as a law-abiding citizen. The weight of this testimony depends upon the character sought to be established as well as upon the character of the evidence offered, and you are the sole judges of the weight to be given to the evidence. (I charge you that evidence of good character and good reputation is sufficient to raise a rea-

sonable doubt and in some cases in which guilt would be otherwise established beyond a reasonable doubt evidence of good character may justly produce an acquittal.)    And if you have a reasonable doubt upon all of the evidence in the case you must return a verdict of not guilty.''

This request is vitiated by the portion included in parentheses.    That part is a direct invasion of the prerogative of the jury in judging of the effect and value of the evidence.    It is contradictory of the next preceding sentence.    In one breath .it is stated that the jurors ''are the sole judges of the weight to be given to the evidence.''    In the next it would have the judge assume as a matter of law that evidence of good character and reputation is a sufficient basis for an acquitting, on the ground of reasonable doubt.    We say, ''assume as a matter of law,'' for we must remember that—

''In charging the jury the court shall state to them all matters of law which it thinks necessary for their information in giving their verdict, but it shall not present the facts of the case * * ''; Section 139, ·L. O. L.

The true rule is that the jury must consider all the testimony, that about character as well as all other; and if taken all together there remains a reasonable doubt of the defendant's guilt he is entitled to acquittal.    Very properly in some cases the jury might hold the testimony against the defendant in such low estimation and that about his good character so excellent that it would deem the latter a sufficient sanction for a reasonable doubt of his guilt; but the court must leave that to the jury itself.    If it bases the reasonable doubt on the testimony about good character the resulting acquittal is legitimate, but the judge has no right to say to it that such testimony is sufficient for that purpose.

It would be only a step further to direct a verdict of not guilty in all cases where the undisputed testimony reveals a good character and reputation for the defendant.

12. We are not to be moved by the earnest argument of defendant's counsel against the probability of the truth of the testimony against him. That is an appeal that should have been and probably was made to the jury with which alone is lodged the power to decide the merits of the case on the facts.

We have carefully considered the questions of law presented and, finding no error, the judgment must be affirmed.    AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.