Argued and submitted September 7, 2005, complaint dismissed February 16, 2006

In re Complaint as to the Conduct of
# CARROLL J. TICHENOR,
*Accused.*
(OSB 03-33; SC S52239)
129 P3d 690

Marc D. Blackman, Ranson Blackman, LLP, Portland, argued the cause and filed the briefs for the accused. With him on the briefs was Kendra M. Matthews.

Mary Anne Cooper, Assistant Disciplinary Counsel, Lake Oswego, argued the cause and filed the brief for the Oregon State Bar.

Robert W. Hermann, Hillsboro, filed the brief for *amicus curiae* Oregon District Attorneys' Association.

Before Gillette, P. J., and Durham, Riggs, De Muniz,* Balmer, and Kistler, JJ.**

PER CURIAM

---

\* Chief Justice when decision was rendered.

\*\* Carson, J., Chief Justice when case was argued, did not participate in the consideration or decision of this case.

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar alleged that the accused violated Code of Professional Responsibility Disciplinary Rule (DR) 7-106(C)(1) (prohibiting lawyers from referring to matters that will not be supported by admissible evidence).[1] A trial panel of the Disciplinary Board determined that the accused had violated that rule and reprimanded him. Because we find that the accused's conduct did not violate DR 7-106(C)(1), we dismiss the Bar's complaint.

The events that gave rise to this disciplinary proceeding are not disputed. The state charged Holbrook with sexually abusing a young girl, and the accused served as the prosecutor in Holbrook's two criminal trials. Holbrook's first trial resulted in a hung jury. During his second trial, Holbrook called two witnesses, who offered their opinions regarding his character for sexual propriety.[2] Each witness testified that, in her opinion, Holbrook's character for sexual propriety was "appropriate."

The accused cross-examined Holbrook's first character witness by asking if the witness knew (1) "anything about [Holbrook] having a secret correspondence with a 14-year-old girl," (2) that Holbrook had come home with "hickeys" on his stomach, (3) that Holbrook "would often be out away from his wife until 3:00, 4 o'clock in the morning," and (4) that Holbrook had been involved in an adulterous relationship.

Holbrook's counsel objected to the third question on the ground that the accused was "making a statement of fact when there's no evidence to support it." The trial court ruled

---

[1] The Oregon Rules of Professional Conduct became effective January 1, 2005. Because the conduct at issue here occurred before that date, the Code of Professional Responsibility applies.

[2] The Court of Appeals has held that OEC 405(1) permits a witness to testify about a defendant's character for sexual propriety. *State v. Enakiev*, 175 Or App 589, 29 P3d 1160 (2001). This court has not addressed that issue and, in describing what occurred at Holbrook's criminal trial, we express no opinion on whether OEC 405(1) permitted that question. *Cf. State v. Marshall*, 312 Or 367, 373, 823 P2d 961 (1991) (holding that OEC 405(1) does not permit asking witness whether defendant had reputation for telling particular kind of lie).

that the question was permissible if the accused had "a factual basis" for asking it. The accused stated, "I have a basis," the trial court overruled the objection, and the witness answered that she was not aware that Holbrook had engaged in that conduct. The accused pursued a similar line of cross-examination with the second character witness, who gave similar answers. After considering the evidence, the jury convicted Holbrook of sexual abuse, the Court of Appeals affirmed without opinion, and this court denied review. *State v. Holbrook*, 196 Or App 353, 103 P3d 1211 (2004), *rev den*, 338 Or 681 (2005).

After Holbrook's criminal trial ended, the Bar filed a complaint against the accused charging him with violating DR 7-106(C)(1). The Bar alleged that the questions that the accused had asked the two witnesses violated that disciplinary rule because the questions referred to matters that "were not supported by admissible evidence."[3] In support of that allegation, the Bar offered evidence at the disciplinary hearing showing that the accused had based his questions on statements that Holbrook's wife allegedly had made to her sister, who in turn had reported those statements to the accused. After the sister had reported the statements but before the second trial began, the accused learned that Holbrook's wife denied accusing Holbrook of having been involved in an adulterous relationship and of having acted inappropriately with any child.

In deciding whether the accused had violated DR 7-106(C)(1), the trial panel considered two issues. It began by considering whether the accused had violated OEC 405(1) in cross-examining the two character witnesses. The trial panel reasoned that, under OEC 405(1), a lawyer cannot cross-examine a character witness "regarding prior instances of conduct when the [lawyer] does not have a reasonable basis for believing such conduct actually occurred." The trial panel found that the accused did not have "a good faith belief that

---

[3] The Bar also alleged that "the [a]ccused had no reasonable belief that the matters upon which these questions were based were relevant to the case." The Bar conceded at oral argument, however, that the matters that the accused mentioned were relevant because they went to the credibility of the two character witnesses. *See State v. Bateham*, 94 Or 524, 531, 186 P 5 (1919) (recognizing principle). We accept that concession.

Holbrook had actually engaged in the conduct in question" and concluded that the accused had violated OEC 405(1) and consequently DR 7-106(C)(1). The trial panel did not explain why the perceived violation of OEC 405(1) gave rise to a violation of DR 7-106(C)(1). Rather, it appeared to assume that the disciplinary violation followed automatically from the evidentiary violation. The trial panel reprimanded the accused, who has petitioned for review.

■       As the parties frame the issues in this case, they involve the relationship between two sets of rules—the rules of evidence governing the conduct of trials and the disciplinary rules governing the conduct of lawyers. We first set out the texts of the two rules at issue here and describe their operation briefly. We then examine the relationship between those rules. Finally, we turn to the Bar's argument that, because the accused violated OEC 405(1), he also violated DR 7-106(C)(1). As explained below, we hold that a violation of OEC 405(1) or, more precisely, a violation of a judicial rule related to OEC 405(1) does not give rise to a violation of DR 7-106(C)(1).

OEC 405(1) provides:

> "In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct."

Consistently with that rule, this court has held that, when a party calls a witness to offer reputation or opinion evidence concerning that party's good character, the opposing party may impeach the witness's testimony by asking whether the witness has heard or is aware of specific instances of conduct that contradict either the reported reputation or the witness's opinion. *See, e.g., State v. Shull*, 131 Or 224, 282 P 237 (1929) (so holding).

Because of the significant potential for prejudice posed by that type of cross-examination, the courts have ruled that "[i]t is improper for [a lawyer] to cross-examine a character witness regarding prior instances of conduct when the [lawyer] does not have a reasonable basis for believing

such conduct actually occurred." Laird C. Kirkpatrick, *Oregon Evidence* § 405.04, Art IV-104 (4th ed 2002); *see Troutman v. Erlandson,* 279 Or 595, 602-03, 569 P2d 575 (1977) (recognizing majority rule that lawyer must have "good faith" belief that conduct occurred). Kirkpatrick regards this judge-made rule as a corollary of the right to cross-examine on specific instances of conduct under OEC 405(1). Kirkpatrick, *Oregon Evidence* § 405.04 at Art IV-104. As we understand the Bar's argument in this case, it contends that the accused's questions violated the judge-made corollary to OEC 405(1) rather than the terms of OEC 405(1) itself, which merely authorizes an inquiry into "relevant specific instances of conduct" on cross-examination.

DR 7-106(C)(1), the disciplinary rule at issue in this case, is one of seven rules directed at a lawyer's conduct before tribunals.[4] That rule provides that, "[i]n appearing in the lawyer's professional capacity before a tribunal, a lawyer shall not [s]tate or allude to any matter * * * that will not be supported by admissible evidence." As worded, the rule appears to assume that lawyers should be able to offer admissible evidence at trial to support the statements that they

---

[4] DR 7-106(C) provides:

"In appearing in the lawyer's professional capacity before a tribunal, a lawyer shall not:

"(1) State or allude to any matter that the lawyer has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence.

"(2) Ask any question that the lawyer has no reasonable basis to believe is relevant to the case and that is intended to degrade a witness or other person.

"(3) Assert the lawyer's personal knowledge of the facts in issue except when testifying as a witness.

"(4) Assert the lawyer's personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant or as to the guilt or innocence of a criminal defendant but the lawyer may argue, on the lawyer's analysis of the evidence, for any position or conclusion with respect to the matters stated herein.

"(5) Fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving to opposing counsel timely notice of the lawyer's intent not to comply.

"(6) Engage in undignified or discourteous conduct which is degrading to a tribunal.

"(7) Intentionally or habitually violate any established rule of procedure or of evidence."

make in *voir dire*, opening statement, and the like. *See In re Eadie*, 333 Or 42, 62, 36 P3d 468 (2001) (lawyer violated DR 7-106(C)(1) when he referred to insurance during *voir dire* knowing that evidence of insurance would not be admissible at trial).

Regarding the relationship between those two rules, the accused argues (and the Bar does not dispute) that DR 7-106(C)(1) does not prohibit anything that OEC 405(1) or its judge-made corollary permits; that is, if the accused's questions complied with OEC 405(1) and the corollary to that rule, DR 7-106(C)(1) did not authorize the Bar to discipline the accused for asking those questions. We agree with that proposition; however, the converse of that proposition is not true. Every departure from the rules of evidence or trial practice does not become an ethical violation punishable under either DR 7-106(C) generally or DR 7-106(C)(1) specifically. Rather, DR 7-106(C) authorizes the Bar to discipline lawyers for a narrower class of conduct. *See, e.g.*, DR 7-106(C)(7) (only intentional or habitual violations of established rules of evidence violate that disciplinary rule). That narrower focus is of particular importance in this case.

Accordingly, to prove its allegations that the accused violated DR 7-106(C)(1), the Bar must establish two propositions: first, that the accused violated the corollary to OEC 405(1) and, second, that his violation of that evidence rule also constituted a violation of DR 7-106(C)(1). As we understand the Bar's argument on those propositions, it runs as follows: (1) Under the corollary to OEC 405(1), a lawyer lacks a reasonable or good-faith basis to believe that specific instances of conduct occurred unless the lawyer can offer admissible evidence to prove that the conduct actually occurred; (2) the question whether a lawyer violated DR 7-106(C)(1) also turns on the same issue because that rule prohibits lawyers from referring to matters that they cannot offer admissible evidence to prove; and (3) it follows from the foregoing, the Bar argues, that a violation of the corollary to OEC 405(1) necessarily gives rise to a violation of DR 7-106(C)(1).

The initial difficulty with the Bar's argument lies in its understanding of the corollary to OEC 405(1). That rule

requires that lawyers have a reasonable or good-faith basis to believe that the mentioned conduct occurred. It does not require that they be able to offer admissible evidence to prove that the conduct occurred. *See, e.g., Troutman*, 279 Or at 604 (requiring only good-faith basis); *State v. Bateham*, 94 Or 524, 531, 186 P 5 (1919) (requiring "foundation within [lawyer's] knowledge or information"); *cf. State v. Doris*, 51 Or 136, 159, 94 P 44 (1908) (cross-examination regarding community rumors permissible to impeach reputation testimony on defendant's good character). As one treatise has explained, the good-faith basis test

> "does not require that proof of the specific act be admissible under the rules of evidence, for the obvious reason that the act is not being admitted as a fact. Consequently, the good faith basis test has often been met through hearsay statements of law enforcement officers implicating the defendant in criminal activity."

Stephen A. Saltzburg, Daniel J. Capra, and Michael M. Martin, 2 *Federal Rules of Evidence Manual* § 405.02[5] at 405-8 (8th Ed 2002).[5] The Bar offers no persuasive authority to support its contrary understanding of the rule.[6]

The link that the Bar perceives between the corollary to OEC 405(1) and DR 7-106(C)(1) is absent. The former requires a reasonable or good-faith basis to believe that conduct occurred as a predicate to mentioning that conduct during cross-examination. The latter authorizes the Bar to discipline lawyers who refer to matters during *voir dire*, opening statement, and the like that they will not be able to offer admissible evidence at trial to prove. The two rules address different concerns. Proof of a violation of the corollary to OEC 405(1) does not give rise to a violation of DR 7-106(C)(1).[7]

---

[5] Put another way, the question under the corollary to OEC 405(1) is whether the evidence is reliable, not whether it is admissible. Although admissible evidence usually will be reliable, the fact that the evidence is not admissible does not preclude it from being reliable, for purposes of the corollary to OEC 405(1).

[6] In arguing for a different understanding of the corollary to OEC 405(1), the Bar quotes a passage from *United States v. Silverstein*, 737 F2d 864, 868 (10th Cir 1984). The decision in *Silverstein*, however, addressed a different rule of evidence. The Bar does not seem to recognize that distinction, much less explain why the reasoning in *Silverstein* should apply to the corollary to OEC 405(1).

[7] We note that DR 7-106(C)(7) prohibits lawyers from intentionally or habitually violating established rules of evidence; however, the Bar has not charged the

■     It follows from the foregoing discussion that we need not decide whether the accused had a reasonable basis to believe that Holbrook had engaged in the conduct that the accused mentioned during cross-examination. Even if the accused lacked a reasonable basis for drawing that conclusion and violated the corollary to OEC 405(1), a violation of that judge-made rule does not give rise to a violation of DR 7-106(C)(1). The Bar alleged only that the accused violated DR 7-106(C)(1), and it is sufficient in this case to hold only that the evidence failed to establish a violation of that disciplinary rule.

Complaint dismissed.

accused with violating that disciplinary rule or any disciplinary rule other than DR 7-106(C)(1).