Submitted December 6, 2018, affirmed February 26, petition for review allowed in part May 28, 2020 (366 Or 491)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW AMELIO FORMBY-CARTER,
*Defendant-Appellant.*

Linn County Circuit Court
15CR38708; A163469

461 P3d 1061

Defendant appeals a judgment of conviction for third-degree assault. He contends that the trial court erred when it admitted evidence of defendant's previous convictions for fourth-degree assault, coercion, menacing, and second-degree criminal mischief, and their underlying facts, to prove that defendant acted intentionally, or in the absence of mistake or accident, when he assaulted the victim in this case. *Held*: Any error was harmless.

Affirmed.

DeAnn L. Novotny, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the briefs for respondent.

Before DeHoog, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Affirmed.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for third-degree assault, ORS 163.165, raising seven assignments of error.[1] As an initial matter, we reject defendant's fifth through seventh assignments of error without discussion. In his first through fourth assignments of error, defendant contends that the trial court erred when it admitted evidence of defendant's previous convictions for fourth-degree assault, coercion, menacing, and second-degree criminal mischief, and their underlying facts, to prove that defendant acted intentionally, or in the absence of mistake or accident, when he assaulted the victim in this case. For the reasons that follow, we conclude that, even if the trial court erred when it admitted evidence of defendant's prior convictions under OEC 404(3) to prove that defendant acted intentionally, or in the absence of mistake or accident, any such error was harmless. Accordingly, we affirm.

Defendant was charged with one count of first-degree assault against H and one count of fourth-degree assault against A, his wife. Before trial, in a motion *in limine* regarding prior bad acts, the state moved to admit evidence of several of defendant's criminal convictions that were the result of five separate incidents, specifically, one conviction for fourth-degree assault against A, two convictions for felony coercion against A, convictions for fourth-degree assault and first-degree burglary against two strangers, two convictions for menacing A, and convictions for menacing his mother and for criminal mischief.

The state argued that evidence of defendant's previous criminal convictions and the underlying facts was relevant and admissible to prove "defendant's mental state, as well as *** absence of mistake or accident," under OEC 404(3) and *State v. Johns*, 301 Or 535, 725 P2d 312 (1986).[2]

---

[1] In a supplemental brief, defendant also assigns error to the trial court's instruction to the jury that it could reach a nonunanimous verdict and the trial court's acceptance of the jury's 11 to one guilty verdict on third-degree assault. We reject those assignments of error, on the merits, without further discussion.

[2] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof

The state noted that, if the trial court were to admit the other acts evidence under that theory, it would request a jury instruction under *State v. Leistiko*, 352 Or 172, 184-86, 282 P3d 857, *adh'd to as modified on recons*, 352 Or 622, 292 P3d 522 (2012).[3] In the alternative, the state contended that, in light of the Supreme Court's ruling in *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), the other acts evidence would be relevant and admissible under OEC 404(4).[4]

In response, defendant contended that the other acts evidence was not relevant for any nonpropensity purpose and that, "even if minimally relevant, the probative value of that evidence cannot survive the risk of unfair prejudice and juror confusion under OEC 403."[5] More specifically, defendant argued that the evidence would not be relevant to show absence of mistake or accident under OEC 404(3) and *Johns*, because of the lack of similarities between the prior acts and the charged act, and because defendant's theory of defense was not that he had committed the charged acts accidentally or by mistake, it was that defendant "didn't do it" at all. *See State v. Tena*, 362 Or 514, 524-25, 412 P3d 175 (2018) (with regard to "the doctrine of chances" under OEC 404(3) and *Johns* to prove absence of mistake or accident, the admissibility of the evidence depends on "the proposition that multiple instances of similar conduct are unlikely to

---

of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[3] A *Leistiko* instruction directs the jury to only consider the other acts evidence on the issue of intent, or absence of mistake or accident, and only if it first finds that the defendant committed the charged act. 352 Or at 184-86.

[4] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [OEC 406 through OEC 412] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

[5] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

occur accidentally," and "[i]t does not apply when there is a dispute about whether the defendant performed the act at all" (internal quotation marks omitted)).

The trial court concluded that several of defendant's prior convictions and their underlying facts were relevant under OEC 404(3) and *Johns* to prove "defendant's mental state and lack of mistake or accident."[6] The only instance of conduct that the court deemed inadmissible was the incident that resulted in defendant's convictions for fourth-degree assault and first-degree burglary, because those convictions involved defendant entering the home of two strangers and threatening and assaulting them, and, there-fore, the court concluded, did not share enough similarities with the present case to make it relevant under OEC 404(3) and *Johns*. With respect to the four other instances of defen-dant's conduct, including the criminal convictions and their underlying facts, the trial court concluded that they were sufficiently similar to the present case to make that other acts evidence "logically relevant to prove defendant's mental state and lack of mistake or accident" under OEC 404(3) and *Johns*. The court also determined that the evidence under-lying those four prior instances of conduct was admissible, because the probative value of the evidence was not substan-tially outweighed by the danger of unfair prejudice under OEC 403.

At trial, the jury heard information about the prior instances of defendant's conduct before the state intro-duced it as substantive evidence. The state called Barry, who had known defendant for about 10 years, as a witness. On direct examination, Barry described defendant as a

---

[6] In its motion, the state also argued that the evidence was relevant to prove defendant's *modus operandi*. The trial court rejected the state's *modus operandi* argument under OEC 404(3). The trial court also rejected the state's argument for admissibility under *Williams* and OEC 404(4), because, unlike *Williams*, this case does not involve sexual abuse, which requires the state to prove that the defendant intentionally touched the victim with a sexual purpose, and because "the evidence would be precluded if offered to prove propensity" under "consti-tutional standards of due process." On appeal, the state does not argue that the other acts evidence is admissible to prove *modus operandi* under OEC 404(3) or that it is admissible under *Williams* and OEC 404(4). As discussed below, the state's argument on appeal is limited to whether the other acts evidence is admis-sible under OEC 404(3) and *Johns* to prove absence of mistake or accident, or, in the alternative, to prove motive under OEC 404(3).

"great man" and explained that he was supportive of defendant following the incident that led to the current charges. On cross-examination, defendant elicited testimony from Barry that, in the 10 years he had known defendant, Barry had never seen defendant act aggressively towards A, and that defendant "has always walked away. He's always tried to disengage" whenever he has a disagreement with anyone.

In response to Barry's testimony regarding his opinion about defendant's general character for peacefulness, the state asked the court to rule that the state could treat Barry as a hostile witness on redirect. The state also noted that it would like a ruling on using defendant's previous convictions and their underlying facts under OEC 405(1) to rebut opinion testimony about defendant's character for peacefulness, because it expected defendant to elicit similar opinion testimony from several witnesses and, indeed, he did.[7] Defendant objected, and the court ruled that the state could cross-examine Barry and defendant's other character witnesses by asking about those of defendant's acts that the court had allowed as prior bad acts. In accordance with that ruling, the state treated Barry as a hostile witness and cross-examined him by asking if he knew about defendant's previous convictions and their underlying facts.

Later in the trial, in accordance with the trial court's ruling on its motion *in limine*, the state presented additional evidence of defendant's prior convictions and their

---

[7]  OEC 404(2)(a) provides:

"Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

"Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same."

OEC 405 provides:

"(1)  In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct."

Inquiry into specific instances of conduct under OEC 405(1) is not, and does not require, "admissible evidence to prove that the conduct occurred"; that is, "the [specific instance of conduct] is not being admitted as fact." *In re Tichenor*, 340 Or 108, 115, 129 P3d 690 (2006) (internal quotation marks omitted).

underlying facts through several witnesses to prove that defendant had assaulted H intentionally and in the absence of mistake or accident. Both before the state presented that evidence and in the trial court's final instructions to the jury, the trial court instructed the jury in accordance with *Leistiko*, 352 Or at 184-86, explaining that it could not use the other acts evidence to determine whether defendant caused the victims' injuries, and that the jury could only consider that evidence for its relevance to proving intent, or absence of mistake or accident, if the jury had first determined beyond a reasonable doubt that defendant had caused the injuries.

The jury reached a verdict only as to the assault charge involving H. As to that count, the jury did not convict defendant of first-degree assault; instead, it found defendant guilty of the lesser included offense of third-degree assault. As to the count involving A, the jury was unable to agree on a verdict and the state agreed to dismiss that charge. Accordingly, the trial court entered a judgment of conviction for third-degree assault.

As discussed, the trial court determined that four instances of defendant's prior conduct were relevant under OEC 404(3) to prove intent, "or absence of mistake or accident," and that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice under OEC 403. On appeal, defendant assigns error to those rulings.

Assuming, for the sake of argument, that the trial court erred when it admitted evidence of defendant's prior convictions and their underlying facts to prove intent, or absence of mistake or accident, we conclude that those errors had little likelihood of affecting the verdict. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (holding that evidentiary error is harmless for purposes of Article VII (Amended), section 3, of the Oregon Constitution, if "there is little likelihood that the particular error affected the verdict").

First, the court instructed the jury not to consider the disputed evidence unless, and until, it determined beyond a reasonable doubt that defendant had caused H's injuries.

Thus, the jury did not use the evidence to determine that, because defendant had assaulted people in the past, he was more likely to have assaulted H on the charged occasion. *State v. Pitt*, 352 Or 566, 582, 293 P3d 1002 (2012) (erroneous admission of evidence of prior acts created a risk that the jury would use that evidence "to decide that, because defendant had committed the uncharged acts, his character was such that he again would act in the same manner and commit the charged acts"); *State v. Bowen*, 340 Or 487, 511, 135 P3d 272 (2006), *cert den*, 549 US 1214, 127 S Ct 1258, 167 L Ed 2d 89 (2007) ("Jurors are assumed to have followed their instructions, absent an overwhelming probability that they would be unable to do so." (Brackets and internal quotation marks omitted.)).

Second, although the court's instruction allowed the jury to consider the disputed evidence to decide the question of defendant's mental state, the verdict indicates that the jury rejected the state's view that defendant's prior acts made it more likely that he intended to injure H on the charged occasion: By finding defendant guilty of third-degree assault, the jury found that defendant caused H's injuries recklessly rather than intentionally or knowingly. *See* ORS 163.165 (1)(a) (defining third-degree assault); ORS 161.085(9) (a person acts recklessly when "a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists"); *see generally State v. Skillicorn*, 297 Or App 663, 674-80, 443 P3d 683, *rev allowed*, 365 Or 556 (2019) (discussing reasoning underlying the inference that, because the defendant had a particular intention on a previous occasion, the defendant is more likely to have had the same intention on the charged occasion).

Finally, to the extent that the jury's knowledge of the basic facts underlying defendant's previous convictions might have some other prejudicial effect, the jury would have been aware of those facts regardless of any error in admitting the evidence of defendant's prior acts, because the court allowed the prosecutor to cross-examine defendant's character witnesses, in accordance with OEC 405(1), by asking them about those facts. On appeal, defendant does not challenge that ruling.

In sum, in light of the trial court's instructions and the jury's verdict, we conclude that any error in admitting the evidence to show intent, or absence of mistake or accident, had little likelihood of affecting the verdict. Thus, the trial court's error, if any, in admitting the other acts evidence to prove absence of mistake or accident was harmless. Accordingly, we affirm.[8]

Affirmed.

---

[8] For the same reasons discussed in our state constitutional harmlessness analysis, we reject defendant's argument that "the other acts evidence in this case was so prejudicial that it violated defendant's due process right under the Fourteenth Amendment to the United States Constitution." Additionally, in light of our conclusion that any error in admitting the other acts evidence to prove intent, or absence of mistake or accident, was harmless, we do not address the state's hostile motive theory of admissibility as an alternative basis for affirmance.