PEOPLE, PLAINTIFF AND APPELLEE, *v.* ESTRADA ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the Second District Court of San Juan in a Prosecution for Adulteration of Milk.

No. 2232.—Decided April 25, 1924.

APPEAL—SPEEDY TRIAL—DISMISSAL—BILL OF EXCEPTIONS.—When a motion is made to dismiss a prosecution because the case was not brought to trial within the time fixed by law and the record shows only that the court overruled the motion, the judgment will not be reversed, for the ruling of the court is presumed to be correct. In order that this court may consider the reasons on which the ruling was based the appellant should place it in the position of the trial court by bringing up the facts in a bill of exceptions or statement of the case settled and filed in accordance with law.

The facts are stated in the opinion.
*Mr. A. Agosto* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Ricardo Estrada and Pedro Calderón were accused of adulteration of milk and sentenced to thirty days' imprisonment. They appealed to this court and assigned in their brief as the only error that they had been tried after 120 days from the date of the filing of the information and that notwithstanding this fact the court overruled their motion for dismissal.

When the transcript was filed in the office of the secretary of the Supreme Court it contained only the information, the judgment and the notice of appeal. Later there was added to it the motion for dismissal which, in so far as pertinent, is as follows:

"That the trial of this csae was first set for the 29th day of October, 1923.

"That the information was filed on June 30th of the present year.

"That he has never asked for or obtained a continuance or done anything to prevent the case from being tried before today.

"That to this date more than the 120 days fixed by section 488 of the Code of Criminal Procedure have elapsed.

"Wherefore he prays the court to dismiss the case in accordance with the said section."

Finally a motion was made to amend the record so as to include in it the following document:

"The People of Porto Rico vs. Ricardo Estrada and Pedro Calderón.—Criminal No. 494.—Adulteration of milk.—I, J. Comas Vera, Stenographer of the Second District Court of San Juan, P. R., certify that according to my stenographic notes taken at the trial of the above-entitled case, before the examination of the evidence was begun the attorney for the defendants made a motion for the dismissal of the case because it had not been tried within the statutory 120 days. The court overruled the motion and the attorney took an exception to the ruling of the court.—San Juan, P. R., Feb-

ruary 9, 1924.—(Signed) J. Comas Vera, Stenographer of the Second District Court.

"I, Luis Vergne Ortiz, Clerk of the Second District Court of San Juan, Porto Rico, certify that the foregoing is a true and faithful copy of the certificate attached to the record of this case on file with the records of this court under my custody. And for the purpose of forwarding it to the Supreme Court of Porto Rico I issue this certificate in San Juan, Porto Rico, this 25th day of March, 1924. (Signed) Luis Vergne Ortiz, Clerk Second District Court of San Juan, P. R."

The *Fiscal* of this Court contends that it is impossible to sustain the question raised by the appellants because the record does not show the reasons that the trial court had for overruling the motion, for which reason they can not be passed upon and its ruling must be presumed to be correct.

The trial was had 121 days after the information was filed, or one day after the time fixed by the statute; but the law does not make absolute the right to be brought to trial within that time. It takes into consideration that some good cause may exist to prevent the holding of the trial within that time. Was there a good cause in this case? The transcript is silent on that point. The appellant should have brought up the facts in a bill of exceptions and then we could have passed upon the merits of the case in the exercise of our appellate jurisdiction. He did not do so and the presumption stands, therefore, that the ruling complained of is just.

In the case of *People* v. *Paris,* 25 P.R.R. 103, this court said:

"But the appellant made no showing whatever of the reasons for the previous postponements or even that they were made without reason assigned. As it is admitted that the previous postponements were made by the court, the presumption is, in the absence of a showing to the contrary, that they were made with cause."

And in *People* v. *Falcastro,* 17 P.R.R. 88, the court said:

"The dismissal of a prosecution, as authorized by section 448 of the Code of Criminal Procedure, can be available only in cases

where good cause is not shown to justify the delay of the trial, and such action is left largely to the discretion of the trial court, whose decision will not be reversed by this court unless it be shown that such discretional power has been abused.''

It is true that in the case of *People* v. *Avilés,* 27 P.R.R. 472, 475, the court said:

''It having been held by this court in *Ochoa* v. *Manzano,* 24 P. R. R. 786, that section 448 of the Code of Criminal Procedure applies also to the municipal courts, we are of the opinion that the defendant in this case had only to allege and prove that he had not been brought to trial within the period of one hundred and twenty days after the complaint was filed and that the trial had not been postponed at his instance. The burden was upon the prosecution to show the existence of good cause for the delay, if any there was. If the prosecuting attorney was not advised of the facts when the motion was made by the defendant, he could have asked for reasonable time in which to investigate in order to act according to law and in the interest of justice.

'' 'The statute is imperative' says the Supreme Court of California in construing a statute similar to our own in *People* v. *Morino,* 85 Cal. 517. ' ''The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed.'' Here no cause for delay was shown. It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it.' See also *People* v. *Ayala,* 19 P.R.R. 888.''

But the situation here is different. The *Avilés Case* was one of a trial *de novo.* The present case was an appeal. The district court had to consider the question on its merits by virtue of the pleadings and the evidence submitted to it. This Supreme Court must limit itself to what appears in the record. Before the district court there was no presumption that as the question was raised by the defendant the district attorney had to show a good cause, or the court had to be satisfied in some other manner that a good cause existed for the delay. (*People* v. *Ayala,* 19 P.R.R. 888, 893.) In

the Supreme Court the presumption exists, in the absence of a complete presentation of the case by the appellant. In the present condition of the transcript can we hold that the district attorney did not show, or the court did not find, that there was some good cause? Clearly not. It was the appellant's duty to place this court in the same position in which the trial court was.

No other error being assigned or appearing from the record, the judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.