[No. 20716.    Department One.— September 6, 1890.]

# THE PEOPLE, RESPONDENT, *v.* WILLIAM MORINO, APPELLANT.

CONSTITUTIONAL LAW — RIGHT TO SPEEDY TRIAL — PENAL CODE — MANDATORY STATUTE. —Section 13 of article 1 of the constitution guarantees a speedy and public trial to every person accused of crime, and section 1382 of the Penal Code, providing the time within which an indictment or information must be filed, and within which the defendant must be tried thereafter, is mandatory and imperative in its provisions, and confers no discretion upon the court.

ID. — DISCRETION OF COURT — POSTPONEMENT OF TRIAL — DISMISSAL OF INFORMATION. — The court has no discretionary power to prolong the imprisonment of a defendant accused of crime, without a trial, beyond the time provided by law, and where a prisoner, against whom an information was filed, entered a plea of not guilty five days after such filing, and made no application for a postponement, the case should have been dismissed for want of prosecution, on his motion made more than sixty days after the filing of the information, where the defendant was not brought to trial within such period, and the prosecution showed no valid reason for the delay.

ID. — SHOWING OF CAUSE FOR POSTPONEMENT — PRESUMPTION. — Under section 1382 of the Penal Code, entitling the defendant to a dismissal in such a case, "unless good cause to the contrary is shown," it is enough to authorize the dismissal for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application, and the court cannot presume that there was any good cause for holding him for a longer time without a trial, but the prosecution must show it affirmatively.

APPEAL — REVIEW OF ERRORS NOT EXCEPTED TO. — When proper exceptions are not reserved, the rulings of the trial court upon evidence cannot be considered by this court upon appeal.

CRIMINAL LAW — LARCENY — FELONIOUS INTENT — TIME OF TAKING — QUESTION OF FACT FOR JURY — INSTRUCTION — PREJUDICIAL ERROR. — An instruction to the jury, requested by the defendant, upon trial for larceny, that "if the jury believe that the defendant had no felonious intent to steal the property at the time he took it, they must acquit, even if they should believe that he subsequently conceived the intent to appropriate it," is correct as an abstract proposition of law, and where the evidence was such as to render such an instruction applicable, it should have been given, and the refusal of the court to give the latter part of it was prejudicial error, as the question as to whether the felonious intent existed at the time the property was taken was a question which should have been left to the jury, under the instruction asked.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing to dismiss an information.

The facts are stated in the opinion of the court.

*Barclay Henley*, and *Clitus Barbour*, for Appellant.

*Attorney-General Johnson*, for Respondent.

WORKS, J. — The defendant was convicted in the court below of the crime of larceny, and sentenced to the state's prison for the term of four years.   In support of his appeal to this court, he contends that the court below erred in overruling a motion made by him to dismiss the case.   The motion to dismiss was made on the ground that he was not given a speedy trial.   It was shown or stipulated, in support of his motion, that the information against him was filed on the seventh day of August, 1888; that he was arraigned and entered his plea of not guilty on the twelfth day of the same month; and that he had never made any application for, nor was there any postponement of, the action in his behalf or on his application.   The motion to dismiss was made on the nineteenth day of March, 1889.   No showing was made on the part of the people, or any attempt made to show any valid reason for the delay.   The constitution guarantees a speedy and public trial to every person charged with crime.   (Const., art. 1, sec. 13.)   The legislature has provided what shall constitute a reasonable time within which a defendant shall be brought to trial.   Section 1382 of the Penal Code provides: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: 1. When a person has been held to answer for a public offense, if an indictment is not found or an information filed against him within thirty days thereafter; 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the filing of the indictment or filing of the information."   The court below, in denying the defendant's motion, said: "The question you raise I have con-

sidered before, and under my construction of the law, it is discretionary, and not mandatory, and I will presume that the court was engaged in the trial of other causes." We think this is not a proper construction of the law. A party charged with crime has the constitutional right to a speedy trial, and the court has no discretionary power to deny him a right so important, or to prolong his imprisonment without such trial beyond the time provided by law. The statute is imperative. "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed." Here no cause for delay was shown. It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it. Under the facts as shown the case should have been dismissed, and it was error to deny the motion. As to what is meant by a speedy trial, independent of a statute like ours, see *Nixon* v. *State*, 41 Am. Dec. 601, and note 604. Under a statute similar to ours, the supreme court of Kansas held that a defendant was entitled to be discharged on a writ of *habeas corpus* where his case had not been tried as required by the statute. (*In re Mc-Micken*, 39 Kan. 406.)

Certain rulings of the court upon the evidence are complained of, but the proper exceptions were not reserved, and the questions cannot, for that reason, be considered by this court.

The defendant requested the court to instruct the jury: "If the jury believe that the defendant had no felonious intent to steal the property at the time he took it, they must acquit, *even if they should believe that he subsequently conceived the intent to appropriate it.*" The court gave the first clause of the instruction, but refused to give that part of it in Italics. The instruction was correct as an abstract proposition of law. (*People* v. *Jersey*, 18 Cal.

337; *People* v. *Salorse*, 62 Cal. 139; *State* v. *Homes*, 17 Mo. 379; 57 Am. Dec. 269, note 273; *Starck* v. *State*, 63 Ind. 285; 30 Am. Rep. 214.) And the evidence was such as to render such an instruction applicable to this case, and it should have been given. Whether the felonious intent existed at the time the property was taken was a question which should have been left to the jury, under the instruction asked. The judgment and order appealed from are reversed, and the court below is instructed to dismiss the information unless good reason for the failure to bring the defendant to trial is shown.

Paterson, J., and Fox, J., concurred.