[Criminal No. 380.  Filed July 7, 1915.]

[150 Pac. 235.]

In the Matter of the Application of COUNT VON FELDSTEIN for a Writ of Habeas Corpus.  COUNT VON FELDSTEIN, Appellant, v. STATE, Respondent.

CRIMINAL LAW—TIME OF TRIAL—DISCHARGE OF ACCUSED FOR DELAY.— Under Constitution, article 2, section 24, providing that the accused shall have the right to a speedy public trial, and Penal Code of 1913, section 1274, providing that unless good cause to the contrary is shown, the court must order the prosecution dismissed, if a defendant, whose trial has not been postponed upon his application, is not brought to trial within 60 days after indictment or the filing of information, where defendant was not tried until more than 60 days after the filing of the information against him, the burden of proof was on the state to show good cause for the delay on his application for *habeas corpus*, and, in the absence of any evidence on the point, defendant should have been discharged.

[As to constitutional provisions insuring speedy trial, see note in 85 **Am. St. Rep.** 188.]

APPEAL from a judgment of the Superior Court of the County of Maricopa.  R. C. Stanford, Judge.  Judgment reversed and case remanded, with directions.

Mr. W. A. Carter and Mr. A. D. Leyhe, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. Leslie C. Hardy and Mr. George W. Harben, Assistant Attorneys General, for the State.

ROSS, C. J.—This is an appeal from a judgment refusing to discharge the appellant from custody upon his application for a writ of *habeas corpus,* and from the judgment of conviction.

The appellant and one Anna Engel were informed against on a felony charge. The information was filed in the superior court on the eighth day of January, 1915. On the 20th of January, upon their arraignment, they both pleaded not guilty, and the case was set for trial February 3d. The record shows that the accused were both represented by the same counsel at the time of their arraignment and until after the order granting separate trials, January 20th. On February 18th, the appellant being present in court, represented by counsel, the trial of his case was set for March 11th. On March 5th the order setting the case for trial was vacated, and the case was reset for trial March 22d. On March 17th the appellant appeared in court in person, and by his attorneys, Leyhe & Carter, whereupon his plea of not guilty was withdrawn, and he was permitted to file a demurrer to the information, which demurrer was, on the twentieth day of March, overruled. On March 30th appellant entered his plea of not guilty. April 3d the appellant filed a motion that the information against him be dismissed, and that he be discharged from custody on the ground that more than 60 days had elapsed since the information was filed; this motion was denied by the court; thereupon the appellant applied for a writ of *habeas corpus,* alleging: "That although more than 60 days have elapsed since the filing of said information above set forth, this appellant has never been brought to trial upon the same; that the said delay has in no manner and in no respect been caused by or through this applicant or on his behalf, or by or through his consent; that under and by virtue of the provisions of section No. 1274, title No. 16 of the Penal Code of the state of Arizona this applicant" is entitled to be discharged and dismissed from custody. A

hearing upon the application for a writ of *habeas corpus* was had, and the writ denied.  The evidence at the hearing disclosed that the appellant was without any attorney until the 5th or 6th day of March, although the county attorney and the court were laboring under the impression that the same attorneys who represented Engel had been retained by the appellant.  On the hearing the county attorney made no showing as to why the case had not been tried, and, in response to the remark by a witness, "I presume the record would show whether there was a continuance at the attorney's request," answered, "It just shows that it faded away."  The expression of the county attorney is very expressive of the situation as we get it from the record.  On the 5th of April, after the court had denied the application for a writ of *habeas corpus,* the county attorney, announcing ready for trial, the court set the case for trial immediately upon the termination of the case then on trial.  April 9th, against the protest of appellant, the case was tried, and the appellant convicted.

There are two separate appeals before us, one from the order refusing the application for a writ of *habeas corpus,* and the other from the judgment of conviction.

A careful examination of the record fails to show any effort upon the part of the appellant to bring his case to trial. It also is equally barren of any consent upon his part to continuances or delays.  The different settings and resettings of the case, as they appear in the minutes, seem to have been made by the court upon its own motion, or upon the motion of the county attorney, but without any protest or consent, so far as the minutes are concerned, on the part of the appellant.

In our Constitution, section 24, article 2, is found this provision:

"In criminal prosecutions, the accused shall have the right . . . to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed. . . . "

At the time of the adoption of this provision, paragraph 1274 of the Penal Code was in force, and had been in force as the law of the territory of Arizona for a great many years. Its provisions, defining the time in which trial must be had, unless good cause to the contrary be shown, or the postpone-

ment be upon the application of the defendant, were before the constitutional convention, and considered by it. After statehood this paragraph was carried forward into the Criminal Code. Thus we have an expression, both in the fundamental law and the statutory law, of what shall be considered a reasonable time within which a defendant charged with crime shall be tried. Paragraph 1274 reads as follows:

''The court, unless good cause to the contrary is shown, must order the prosecution. to be dismissed in the following cases:

'' (1) Where a person has been held to answer for a public offense, if an indictment or information is not found within thirty days.

'' (2) If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment or the filing of the information.''

It is quite clear that from the eighth day of January, the date of filing the information, to the ninth day of April, the date on which appellant's trial was begun, is far in excess of the 60 days fixed by the statute. There is nothing in the record showing that the trial of the case was postponed upon the application or at the instance of the appellant. The only question, then, for our determination is as to whether, from the whole record, the state has shown good cause for not bringing the appellant to trial within 60 days after January 8th, the date of the filing of the information. It seems to us that if the trial had been postponed upon the consent or at the request of appellant, it would have been an easy matter for the state to have made such showing. It may be, and we are rather inclined to that idea, that the postponements of the trial were with the tacit consent of the appellant, and it may be that the postponements were for his benefit pending his efforts to secure an attorney to defend him, but a showing on the part of the state could have been so easily made that we do not feel justified in adopting that view when the state has failed and neglected to support it by any evidence whatever. There is no showing that the court was engaged in other business that prevented the trial of appellant within the 60-day limit prescribed by law.

Paragraph 1274, *supra,* is identical with section 1382 of the Penal Code of California. The supreme court of that state has had occasion, in several cases, to construe section 1382. *In re Begerow,* 133 Cal. 349, 85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828, the court, quoting from *People* v. *Morino,* 85 Cal. 515, 24 Pac. 892, said:

" 'A party charged with crime has the constitutional right to a speedy trial, and the court has no discretionary power to deny him a right so important, or to prolong his imprisonment, without such trial, beyond the time provided by law. The statute is imperative. The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed. Here no cause for delay was shown. It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it. Under the facts as shown, the case should have been dismissed, and it was error to deny the motion.' That case has never, so far as I know, been called in question, and it decides some important points: (1) The statute is a construction of the constitutional provision, so far as to indicate what is a reasonable time within which the case should be brought to trial, in order that the constitutional guaranty may be kept. And it may be fairly interpreted to mean that this guaranty is violated whenever 60 days is allowed to elapse without a trial; there being no good reason for the delay, and the defendant not consenting thereto; (2) and, in the second place, it decides that it is sufficient for the defendant, in order to make out his case upon a motion for a dismissal in the trial court, to show that he has been detained without a trial for more than 60 days. Upon such showing the court should dismiss the case, unless good cause for detaining the defendant and for continuing the prosecution is shown on behalf of the people. There is no presumption in such case, at least in the trial court, that the court has acted regularly, or that good cause in fact exists.' "

The rule announced in the *Morino* and *Begerow Cases* has been followed in California consistently. In *Ex parte Ford,* 160 Cal. 339, Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882,

116 Pac. 758, the court used the following very definite and clear statement:

"Undoubtedly, where a defendant is not brought to trial within the statutory period, and no good cause is shown by the prosecution for a delay, it is the imperative duty of the superior court, on a motion of the defendant to that end, to order the indictment dismissed. The court has no discretionary power under such circumstances to further postpone the trial, but is required to dismiss the indictment. Where, after such motion is made and denied, . . . it has been held that he has a right to apply to this court for a writ of *habeas corpus* to be discharged from custody thereunder, and that when it appears upon the hearing here that there was no good cause for delay of the trial in the lower court beyond the 60 days provided in the statute, his discharge will be ordered. *Ex parte Vinton,* 5 Cal. Unrep. 624, 47 Pac. 1019; *In re Begerow,* 133 Cal. 349, 85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828."

The rule that it is the duty of the prosecution to show that good cause exists for delays in the trial of a defendant beyond the period of 60 days, as announced in the California cases, was approved in *State* v. *Dewey,* 73 Kan. 740, 88 Pac. 881. The court in the Kansas case, in answer to the question, "shall a continuance, to which the accused makes no objection be held to have been made upon his application?" said:

"The meaning of 'application' is the employment of means to accomplish an end. It denotes affirmative action, not passive submission. Giving the term its ordinary and literal meaning, it would seem that a postponement, ordered by the court upon its own motion, or upon the application of the state, should not be regarded as happening upon the application of the accused merely because he fails to object."

The court, unless good cause to the contrary is shown, "must order the prosecution to be dismissed." This language requires that the state should bear the burden of showing a good cause for postponements beyond the period fixed by law, and, following the rule laid down by the California courts, which seems to be the rule generally adopted by the different states, it appears that the appellant's application for a writ of *habeas corpus* should have been granted, and on the hearing an order entered discharging him from custody.

In *Yule* v. *State*, 16 Ariz. 134, 141 Pac. 570, upon facts very similar to the facts in this case, it was held that the trial court committed error in refusing to discharge the defendant, the court saying:

"If good cause therefor existed, the prosecution would have shown it, is readily to be inferred. We must presume that the sworn officers of the law will perform their official duties, and certainly it was the official duty of the county attorney to show such cause as existed why this action had not been prosecuted. No good cause existed we must conclusively presume."

No good cause having been shown by the state for the postponement of the trial of appellant beyond the period of 60 days, it was the duty of the court to dismiss the information upon the motion of appellant, as also upon his application and hearing thereon for the writ of *habeas corpus*. The judgments refusing the writ of *habeas corpus* and of conviction must therefore be reversed and the case remanded, with directions to the court below to dismiss the information and discharge the defendant from custody. *People* v. *Morino*, 85 Cal. 515, 24 Pac. 892.

FRANKLIN, J., concurs.

CUNNINGHAM, J., Dissenting.—The matter of the discharge of the accused for delay in bringing him to trial assumes a very different phase, after a trial of the charge and an appeal, from that attendant upon an appeal from the order refusing a discharge before the trial. The order refusing to dismiss for delay in bringing the defendant to trial, made before the trial, may be reviewed, and when no cause for such delay is shown, and 60 days have expired, the defendant must be discharged, and the action dismissed. *Yule* v. *State*, 16 Ariz. 134, 141 Pac. 570.

When the trial has been had and a conviction results, then the refusal of the trial court to discharge the accused for delay in bringing him to trial has been held subject to review only when it clearly appears that the discretion of the trial court has been abused. 12 Cyc. 896; *State* v. *Van Waters*, 36 Wash. 358, 78 Pac. 897; *Brown* v. *State*, 85 Ga. 713, 11

S. E. 831; *People* v. *Henry,* 77 Cal. 445, 19 Pac. 830; *People* v. *Camilo,* 69 Cal. 540, 11 Pac. 128.

This rule does not apply when it appears by the record that the trial of the prisoner was unreasonably delayed. *State* v. *Nugent,* 71 Mo. 136. This record discloses no such condition. I, therefore, dissent.

On delay of prosecution as ground of discharge, see note in 56 L. R. A. 513.