STATE, RESPONDENT, *v.* MURPHY, APPELLANT.

(No. 5,301.)

(Submitted September 15, 1923. Decided October 15, 1923.)

[219 Pac. 629.]

*Criminal Law—Arraignment—Appointment of Counsel—Court Minutes—Contradiction by Affidavit—Presumption of Regularity.*

Courts—Minutes of Court Import Verity—Collateral Attack.
   1. The minutes of the district court import absolute verity and cannot be overcome by extrinsic evidence contradicting their recitals and are not subject to collateral attack.

Criminal Law—Arraignment—Appointment of Counsel—Court Minutes —Contradiction by Affidavit—Presumption of Regularity.
   2. Where defendant accused of crime did not make a motion to have the minutes of the court corrected to show, as he claimed, that he was arraigned before he was advised of his right to have counsel, contrary to section 11886, Revised Codes of 1921, his affidavit contradicting the court minutes in that regard, *held* insufficient, in the absence of a showing of prejudice, to overcome the presumption that the court performed its judicial duty seasonably and with due regularity.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

FLOYD MURPHY was convicted of crime and appealed from the judgment. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. E. K. Cheadle,* for Appellant.

*Mr. Wellington D. Rankin,* for the State.

Failure of court to advise defendant of right to counsel until plea is not reversible error. (*People* v. *Villarino,* 66 Cal. 228, 5 Pac. 154; *Territory* v. *Hargrave,* 1 Ariz. 95, 25 Pac. 475; *State* v. *Allen,* 174 Mo. 689, 74 S. W. 839; *James* v. *State,* 27 Wyo. 378, 196 Pac. 1045.

MR. JUSTICE COOPER delivered the opinion of the court.

Appeal from a judgment of conviction. On December 6, 1922, the defendant was charged by information filed in the district court of Fergus county with having committed the crime of which he was found guilty.

In support of his motion for a new trial in the court below, Mr. Cheadle, defendant's counsel, filed his own affidavit, stating, in substance, that, in the afternoon of the day the defendant was first brought into court, affiant was informed by the clerk of the court that he had been appointed counsel for defendant Murphy; that he was not present at the time and place of arraignment, and was not appointed to defend him until after the arraignment had been made. The defendant's own affidavit, filed at the same time, contains the following recitals: That on December 4 he was arrested and placed in the Fergus county jail, brought into court, arraigned and a copy of the information handed to him; that he was unable to employ counsel, was not familiar with the law requiring the court to inform him, before being arraigned, of his right to the aid of counsel at the expense of the county; that he was arraigned and asked by the court whether his plea was guilty or not guilty of the crime charged in the information before he was asked by the court if he desired counsel or was told that if he was without funds the court would appoint counsel for him at the expense of the county; and that believing "that he would not be able to prove his innocence of the crime charged without the aid of counsel, and that the jury and community would be prejudiced against him because of the fact that he was a negro, and the crime charged such an infamous one, and that he would receive a lighter sentence upon a plea of guilty than if he were convicted after trial, he spoke several words in answer to the judge's question as to whether he desired to plead guilty or not guilty before being stopped by the judge and informed of the provision above set forth and asked if he desired counsel to represent him, which words would undoubtedly lead anyone hearing them to a belief

that he was about to enter a plea of guilty''; that this occurred in the presence of the panel of jurors from which the jury which tried the case afterward was drawn and witnessed and heard his arraignment; and that to the best of his information and belief the jury was prejudiced against him.

Did the court err in refusing defendant a new trial? Section 11886 of the Revised Codes of 1921 reads: "If the defendant appear for arraignment without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel, the court must assign counsel to defend him.'' The arraignment consists in reading the information to the defendant and delivering to him a copy thereof and of the indorsements thereon, including the list of witnesses, and asking him whether he pleads guilty or not guilty to the indictment or information. (Sec. 11888, Rev. Codes 1921.)

The recitals in the minutes of the court are as follows: "December 6. The county attorney with the defendant came into court. The defendant was arraigned, says his true name is Floyd Murphy. Information read and defendant takes the statutory time within which to plead and is ordered to appear Dec. 7, 1922, at 10:00 A. M.'' "Dec. 7. Time for arraignment continued to Dec. 8, 1922, at 10:00 A. M.'' "Dec. 8. The county attorney with the defendant came into court. The defendant informs the court that he has no counsel and has no money to employ counsel and the court being fully advised in the premises, It is ordered that E. K. Cheadly, Jr., be and he hereby is appointed as counsel for defendant, and the said defendant is ordered to appear in court Dec. 9 for the purpose of entering his plea.'' "Dec. 9. The county attorney with the defendant and his counsel Mr. E. K. Cheadle, Jr., came into court. The defendant entered a plea of not guilty and case set for trial Dec. 14, 1922.''

It is conceded that if no material rights of the defendant were prejudiced by the failure of the court to comply with

the provisions of section 11886, it was no more than an irregularity. But it is claimed that the section requiring the court to advise the defendant at the beginning of his right to counsel is mandatory, and that its neglect to do so was prejudicial. As to this it may be said that after counsel's appointment and his appearance for defendant, he made no motion to correct the minute entry so as to make it say—if it was a fact—that the arraignment of his client actually took place before he was advised of that right. Upon this point the affidavit of defendant contradicts itself, for in one place it says he was arraigned before advised of his rights, and in another that he spoke several words before being stopped by the judge "and informed of the provision above set forth, and asked if he desired counsel." The minutes of December 6 do say "the defendant was arraigned"; but on the following day they say that the time for the defendant's arraignment was continued until December 8. The later minute entries are: On December 8, "the defendant informed the court that he had no counsel; was without money to obtain an attorney; and that the court appointed Mr. Cheadle to represent him." On December 9, "defendant came into court with his appointed counsel and entered a plead of not guilty." Upon these recitals, and with no means of ascertaining what the words actually spoken were, or their extent or effect, it is impossible to see how the substantial rights of the defendant were denied him. More than this—the minute entry showing that he was present in court before entering his plea, is in full force and effect. Indeed, [1] the minutes cannot be overcome by extrinsic evidence contradicting their recitals. (*State ex rel. Mackey* v. *District Court*, 40 Mont. 362, 363, 135 Am. St. Rep. 622, 106 Pac. 1098.)

"The records of the proceedings of a court of record, made and kept pursuant to law, constitute the legal evidence of its judgments, orders and other proceedings. Such records import absolute verity, unless and until they are reversed or set aside, and cannot be contradicted within the jurisdiction of the

court, nor are they subject to collateral attack." (15 C. J., sec. 404, p. 979.) The reason for this rule is so palpably conducive to order in the conduct and recording of judicial acts as to need no argument in its behalf.

If the rights of the defendant were not respected when he [2] was first brought into the district court to answer the charge, he should have moved the court to make its minutes show the proceedings as they actually occurred so as to enable this court to determine whether he was not accorded all the privileges the law affords. Without a proper showing in that respect this court is to be governed by the provisions of sections 11874 and 12125 of the Revised Codes of 1921. The first section reads: "Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right"; in the second it is said this court must give judgment without regard to technical errors or defects "which do not affect the substantial rights of the parties."

Having failed to show that there was a substantial departure from the fundamental rules of criminal procedure and to point out how and to what extent he was prejudiced thereby—if he was prejudiced—the presumption obtains that the district court performed its judicial duty seasonably and with due regularity.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Holloway, Galen and Stark concur.