STATE, RESPONDENT, *v.* ARKLE, APPELLANT.

(No. 5,882.)

(Submitted March 22, 1926. Decided March 29, 1926.)

[245 Pac. 526.]

*Criminal Law—Failure of Speedy Trial—Information—Dismissal.*

Criminal Law—Defendant Entitled to Speedy Trial—Dismissal of Information, When.
    1. One charged with crime is, under section 12223, Revised Codes of 1921, entitled to a dismissal of the information, whether he be imprisoned in the county jail or at liberty upon bail, if not brought to trial within six months after its filing, unless the state can show good cause why dismissal should not follow.

Same—Failure of Speedy Trial—What Insufficient to Defeat Motion to Dismiss Information.
    2. That the trial judge deemed it unwise, inexpedient and unnecessary to call a jury during the term at which a defendant should have been tried in order to come within the limitation of six months prescribed by section 12223, Revised Codes, for bringing him to trial, *held* not the "good cause" contemplated by the section, upon a showing of which a motion to dismiss the information may properly be denied.

[1] Criminal Law, 16 C. J., sec. 797, p. 442, n. 33; sec. 798, p. 442, n. 38; p. 443, n. 39, 44; sec. 799, p. 443, n. 46; sec. 805, p. 445, n. 79.
[2] Criminal Law, 16 C. J., sec. 803, p. 445, n. 73; sec. 805, p. 446, n. 98 New.

*Appeal from District Court, Richland County; Frank P. Leiper, Judge.*

GEORGE W. ARKLE was convicted of infractions of the liquor laws, and appeals from the judgment and from an order denying him a new trial. Reversed, with directions.

*Messrs. Hurley & O'Neil,* for Appellant, submitted a brief; *Mr. C. C. Hurley* argued the cause orally.

By section 12223, Revised Codes of 1921, the legislature has provided what shall constitute a reasonable time within which

---

1. Dismissal for delay in prosecution, see notes in 85 Am. St. Rep. 202; 56 L. R. A. 540. See, also, 8 R. C. L. 73.
2. See 8 R. C. L. 72.

a defendant shall be brought to trial. (See *People* v. *Morino,* 85 Cal. 515, 24 Pac. 892; *In re Begerow,* 133 Cal. 349, 85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828; *Yule* v. *State,* 16 Ariz. 134, 141 Pac. 570; *Cordts* v. *Superior Court,* 53 Cal. App. 589, 200 Pac. 726; *Ex parte Ford,* 160 Cal. 334, Ann. Cas. 1912D, 1267, 33 L. R. A. (n. s.) 882, 116 Pac. 757; *State* v. *Dewey,* 73 Kan. 735, 85 Pac. 796, 88 Pac. 881; *State* v. *Kuhn,* 154 Ind. 450, 57 N. E. 106.) Upon the defendant's showing that he has not been brought to trial within six months after the filing of the information, and that the delay of the cause has not been caused by his application, the burden then devolves upon the State to show good cause for not bringing the defendant to trial within the time prescribed by statute. (*Von Feldstein* v. *State,* 17 Ariz. 245, 150 Pac. 235; *State* v. *Dewey, Yule* v. *State, State* v. *Kuhn, supra; State* v. *Bateham,* 94 Or. 524, 186 Pac. 5.) Want of time or press of business is no excuse for not bringing the defendant to trial within the time prescribed by statute. (*Petitti* v. *State,* 11 Okl. Cr. 234, 145 Pac. 305.) The fact that the defendant is admitted to bail is not good cause for not bringing to trial within the time prescribed by law. (*Ex parte Miller,* 66 Colo. 261, 180 Pac. 749; *Ford* v. *Superior Court; Ex parte Ford, supra; State* v. *Keefe,* 17 Wyo. 227, 17 Ann. Cas. 161, 22 L. R. A. (n. s.) 896, 98 Pac. 112.) Good cause for delay cannot be presumed, but must be affirmatively shown on the part of the state. (*Cordts* v. *Superior Court; Von Feldstein* v. *State; Yule* v. *State, supra.*)

*Mr. L. A. Foot,* Attorney General, and *Mr. I. W. Choate,* Assistant Attorney General, for the State, submitted a brief; *Mr. Choate* argued the cause orally.

The only question presented on this appeal is whether "good cause to the contrary" is shown in this record sufficient to justify the action of the trial court in denying the defendant's motion for dismissal. The rule is thus stated at 16 C. J., page 445, section 805: "The question of what constitutes good cause is one primarily for the discretion of the

trial court to be determined by the particular circumstances of each case." (Citing *Ex parte Bull,* 42 Cal. 196; *State* v. *Van Waters,* 36 Wash. 358, 78 Pac. 897.) Here it appears from the record that the court, after making a careful investigation of the matter, and after discussing the matter with all or practically all of counsel who had any cause for trial in his court, and after being advised by such counsel that they preferred to have their cases go over until the fall term, deemed it unwise and inexpedient and unnecessary to call a jury during the May term of the court. This showing might properly, we think, be held to constitute sufficient cause for failure to bring the case to trial within the six months' period.

In the case of *State* v. *Brodie,* 7 Wash. 442, 37 Pac. 137, the court held (under the statute similar to ours) that it is not sufficient excuse for failure to try a defendant within the statutory time, that no term of court for which a jury was called was in session in the county during such time, in the absence of any good reason why a jury was not called. In the case now before the court, we think the record shows a sufficient excuse for not calling a jury.

STATEMENT OF THE CASE BY THE JUSTICE DELIVERING THE OPINION.

By information filed March 17, 1925, the defendant was charged with infractions of the liquor laws. On May 4, 1925, he was arraigned and pleaded not guilty. On October 14, 1925, he moved to dismiss the action for the reason that he had not been brought to trial on the information within six months after the filing thereof, trial not having been postponed upon his application. The motion was supported by his affidavit which, in addition to the foregoing facts, set forth that at all times since the filing of the information he had been ready for trial and never had asked for a postponement or continuance of the cause and the trial of the action had not been delayed by him or through his authorization. At the same time Mr. Hurley, his counsel, filed an affidavit in which he deposed that he had

never consented to a postponement or continuance of the action and never had waived the defendant's right to a speedy trial in any manner, nor had he at any time taken any action which would delay the trial.

When the motion came on for hearing Mr. Collett, deputy county attorney of Richland county, filed an affidavit in response to the motion. He deposed that on or about May 21, 1925, court being then in session, the calendar was called by the judge to ascertain what cases were ready for trial, the judge then intending to call a jury to convene during the latter part of June, 1925, and it was discovered that there were only two or three cases then pending and ready for trial; the defendants in those cases were out on bail with the exception of one who subsequently pleaded guilty. There was a general discussion "between the court and all counsel present as to the advisability of calling a jury and trying cases, both civil and criminal, during the month of June, and all counsel present, as affiant believes," agreed that it would be satisfactory to them if no jury were called and that all the cases for trial might be passed until a later date. This defendant's case was mentioned "and to the best knowledge, information and belief of affiant there was present at said time some member of the firm of Hurley and O'Neil, who appeared as attorneys for the above-named defendant, and affiant believes that the said member of the firm of Hurley and O'Neil, who was present, manifested his willingness that the case be continued indefinitely; that in said discussion it appeared that it would work a hardship on a jury who would be called at such term for the reason that practically all of them would be farming and engaged in farming operations at that particular season of the year and could not attend the jury without great sacrifice to themselves." The defendant was permitted to file counter-affidavits. C. C. Hurley and Desmond J. O'Neil, who compose the firm of Hurley & O'Neil, each states positively that he was not present during the calling of the calendar on the twenty-first day of May, 1925, and explains his whereabouts, giving the reasons why he is

enabled to testify positively concerning the matter under inquiry. Neither of the defendant's counsel was present when, upon September 26, 1925, the cause was set for trial. On October 21, 1925, the judge denied the defendant's motion to dismiss the action. In the order he set forth that no jury was called during the May term of the court "for the reason that the court, after a careful investigation of the matter and after having discussed the matter with all, or practically all, of counsel who had any cause for trial in this court, and after having been advised by such counsel that they preferred to have their causes go over until the fall term of this court, deemed it unwise and inexpedient and unnecessary to call a jury during the May term of this court. This court does not, however, have any recollection of having discussed the trial of this case with counsel for the defendant. It appears that the defendant has been at liberty upon bail all of the times herein mentioned and is now at liberty upon bail."

On October 30, 1925, the case came on for trial. The defendant announced that he was not ready and objected to the proceedings "for the reason that the information in this case was filed on the seventeenth day of March, 1925, for an offense alleged to have been committed on the 8th day of February, 1925, and the defendant has not been brought to trial upon said information within six months after the filing of the same, and the trial of the defendant has not been postponed upon the application of the defendant; neither has the defendant at any time, either in person or by counsel, waived his right to a speedy trial in this matter." The objection was overruled. Likewise without avail the defendant objected to the introduction of any evidence upon the same grounds. When the state concluded its evidence the defendant moved the court "to direct or advise the jury to return a verdict finding the defendant not guilty of the offense charged," assigning the same reasons. The motion was denied. The defendant did not introduce any evidence. The cause was then submitted to the jury, which found the defendant guilty. He then moved

for a new trial which was overruled. The appeal is from the judgment and from the order overruling the motion for a new trial.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The Constitution of this state provides that in all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. (Art. III, sec. 16.)

The legislature has declared that "a court, unless good cause [1] to the contrary is shown, must order the prosecution to be dismissed in the following cases: * * * Sub. 2. If a defendant whose trial has not been postponed upon his application is not brought to trial within six months after the finding of the indictment, or the filing of the information." (Sec. 12223, Rev. Codes 1921.) The legislature has thus defined what shall constitute a reasonable time within which a defendant must be brought to trial. (*People* v. *Morino,* 85 Cal. 515, 24 Pac. 892.)

Says Ruling Case Law: "A statute providing that one accused of crime shall be brought to trial within a specified time, where delay is not attributable to the prisoner's act, is mandatory and imperative in its provisions and confers no discretion on the court. Hence the accused is entitled to his discharge after the lapse of time prescribed by law, where he was not tried, if he brings himself within the statute, by showing that he was not in fault and that he did not apply for a continuance, and where the prosecution shows no valid cause for delay." (8 R. C. L. 73; and see 8 Cal. Jur., sec. 276.)

In *People* v. *Morino, supra,* the court said: "A party charged with crime has the constitutional right to a speedy trial, and the court has no discretionary power to deny him a right so important, or to prolong his imprisonment without such trial beyond the time provided by law. The statute is imperative.

The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed." (And see *In re Begerow*, 133 Cal. 349, 85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828; *Cordts* v. *Superior Court*, 53 Cal. App. 589, 200 Pac. 726; *United States* v. *Fox*, 3 Mont. 512.)

The fact that the defendant is admitted to bail does not alter the case. (*Ex parte Miller*, 66 Colo. 261, 180 Pac. 749; *Ford* v. *Superior Court*, 17 Cal. App. 1, 118 Pac. 96; *Matter of Ford*, 160 Cal. 334, Ann. Cas. 1912D, 1267, 35 L. R. A. (n. s.) 882, 116 Pac. 757; 8 Cal. Jur., sec. 276.)

In *State* v. *Keefe*, 17 Wyo. 227, 17 Ann. Cas. 161, 22 L. R. A. (n. s.) 896, 98 Pac. 122, the court said: "The purpose of the provisions against an unreasonable delay in trial, is not solely a release from imprisonment in the event of acquittal, but also a release from the harassment of a criminal prosecution and the anxiety attending the same, and hence an accused admitted to bail is protected as well as one in prison."

When it appears that an accused has not been brought to trial within six months after the filing of an information and it does not appear that this trial has been postponed upon his application, the burden is upon the state to show good cause for not bringing him to trial within the time prescribed by the statute. (*Cordts* v. *Superior Court, supra; Von Feldstein* v. *State*, 17 Ariz. 245, 150 Pac. 235; *State* v. *Dewey*, 73 Kan. 735, 85 Pac. 796, 88 Pac. 881; *State* v. *Bateham*, 94 Or. 524, 186 Pac. 5.)

This court is in as good a position as was the trial court in considering the affidavits presented upon the motion to dismiss. We say without hesitation that the positive affidavits presented by the defendant and his counsel quite overcome the showing [2] made by the deputy county attorney. It would seem, however, that the court's reason for overruling the motion to dismiss was not that defendant's counsel had agreed to a postponement of his trial, but that in view of the general agreement of counsel present at the time the calendar was called

respecting cases then ready for trial the judge "deemed it unwise and inexpedient and unnecessary to call a jury during the May term of court." As to this defendant this case was not the "good cause" which the statute contemplates.

A person against whom the county attorney has filed an information accusing him of crime, whether in jail or at liberty upon bail, is entitled to the speedy public trial which the Constitution guaranties, and within the limitations prescribed by the statute. We hear much of the law's delays, particularly in criminal cases; it is an age-old complaint. The constitutional and statutory provisions above adverted to were designed to obviate delay, to bring about a speedy and impartial administration of public justice. These provisions have an ancient background; speaking upon this subject in the *Begerow Case, supra,* Mr. Justice Temple observed that around the right of the individual to a speedy trial the English have waged their great battle for liberty. "Without the narration of the conflicts to which it has given rise the history of the English people would be a dull affair. The right of the government with reference to persons accused of crime has been, and is yet, a matter of great consideration. It led to the agitation which wrung from power the great charter, the petition of right, and the Habeas Corpus Act. All the great achievements in favor of individual liberty, of which the English people are so justly proud, may be said to have come through contests over the rights of persons imprisoned for supposed crime."

That it is inconvenient for men to assemble for jury duty or that the court finds it inexpedient to call a jury is no excuse for not bringing a defendant to trial within the time prescribed by statute. (*State* v. *Brodie,* 7 Wash. 442, 35 Pac. 137; *Newlin* v. *People,* 221 Ill. 166, 77 N. E. 529; 16 C. J. 447.)

As the state did not sustain the burden imposed upon it by showing good cause for its failure to bring the defendant to trial within the six months' period prescribed by the statute, the court committed error in overruling the motion to dismiss.

Accordingly, the judgment and order are reversed, and the district court of Richland county is directed to dismiss the action.

*Reversed.*

Associate Justices Holloway, Galen, Stark and Matthews concur.