Upon the defendant showing that he has not been brought to trial within six months after the filing of the information and that the delay of the cause has not been caused by his application, the burden then devolves on the state to show good cause for not bringing the defendant to trial within the time prescribed by statute. (Von Feldstein v. State, 17 Ariz. 245,150 P. 235; State v. Dewey, 13 Kan. 735, 88 P. 881;Yule v. State, 16 Ariz. 134, 141 P. 571; State v. Kuhn,154 Ind. 450, 57 N.E. 106; State v. Bateham, 94 Or. 524, 86 P. page 5; State v. Arkle, 76 Mont. 81, 245 P. 526.) Want of time or press of business is no excuse for not bringing the defendant to trial within the time prescribed by statute. (Petitti v. State, 11 Okla. Cr. 234, 145 P. 305.) The fact that the defendant is admitted to bail, is not good cause for not bringing him to trial within the time prescribed by law. (Exparte Miller, 66 Colo. 261, 180 P. 749; Ford v. SuperiorCourt, 17 Cal.App. 1, 118 P. 96; Ex parte Ford, 160 Cal. 334, Ann. Cas. 1912d 1267, 35 L.R.A. (n.s.) 882, 116 P. 757;State v. Keefe, 17 Wyo. 227, 17 Ann. Cas. 161, 22 L.R.A. (n.s.) 896, 98 P. 122.) Good cause for delay cannot be presumed, but must be affirmatively shown on the part of the state. (Cordts v. Superior Court, 53 Cal.App. 589,200 P. 726; Von Feldstein v. State, 17 Ariz. 245, 150 P. 235;Yule v. State, 16 Ariz. 134, 141 P. 570.)
Frank Turlok, having been found guilty of perjury, moved for a new trial, which by order was denied. He has appealed from the judgment and order.
Turlok was accused of giving false testimony in the trial of Ole Skrukrud, charged with selling intoxicating liquor. In the Skrukrud trial witnesses for the state testified that Turlok, C.C. Dorris and W.L. Kinsey were in Skrukrud's place of business in Glendive on the evening of January 6, 1923, and at that time and place both Dorris and Kinsey bought moonshine whisky which was drunk by the three, Turlok, Dorris and Kinsey. Testifying for the defendant Skrukrud, Turlok said in substance that he knew Dorris and Kinsey but he was never in Skrukrud's place with them, or either of them; that neither ever bought a drink of moonshine liquor for him in Skrukrud's place; further that he had never been in the Skrukrud building with anybody at any time. In testifying as he did it is alleged in the information Turlok committed wilful perjury.
The information against Turlok was filed on March 14, 1925, and he pleaded not guilty thereto upon that day. On September 12, 1925, the court made an order fixing the cause for trial on October 2, 1925; whether the defendant or his counsel was in court when this order was made the record does not disclose. On September 28, 1925, the defendant, through his counsel, moved to dismiss the action because the defendant had not been brought to trial within six months after the filing of the information, trial not having been postponed upon his application. The motion to dismiss was overruled. The case was tried on the second and third days of October but the jury disagreed. In January, 1926, the court made an order setting the cause for trial upon March 1, 1926. On February 26, defendant's counsel again presented to the court a motion to dismiss the information, upon the grounds above stated. Affidavits in support of the motion were filed in behalf of the *Page 553 
defendant and the state. In substance the defendant deposed that at all times since the filing of the information he had been ready to go to trial, never had asked for a postponement or a continuance of the cause, and that its trial had not been delayed on account of any action taken by him; that he had never waived any of his rights pertaining to a speedy trial, nor authorized his attorneys nor anyone else to waive them.
Mr. Hurley, one member of the firm of Hurley O'Neil, counsel for defendant, deposed that he had never consented to a postponement or continuance of the action, nor had he asked for or caused any delay in bringing on the matter for trial; that defendant at all times had been ready, willing and anxious to be brought to trial; that he never was present in court when there was any discussion between the court and counsel concerning setting the Turlok Case for trial, and he never at any time asked for or consented to a postponement or continuance of the case, and if he had been present in court at a time when the case was called to the court's attention he would have demanded a speedy trial for defendant; that defendant never authorized affiant to consent to a postponement or continuance of the cause or to any delay in the trial. He then recited the fact that he had moved for a dismissal of the case in September, which motion the court denied; that when the cause came on for trial on October 2, 1925, the defendant announced that he was not ready to proceed with the trial of the cause for the reason that he had not been brought to trial within six months after the filing of the information and that the trial had not been postponed upon his application, and the court overruled the motion; that at all times since September 28, 1925, defendant had objected to the trial of the cause for the reasons aforesaid.
Mr. O'Neil, the other member of the firm, deposed that "among the papers and records of the above entitled case is an affidavit filed by Raymond Hildebrand, county attorney for Dawson county, Montana, in opposition to a prior motion to dismiss said cause, which affidavit recited in part that this affiant made a statement on or about the second day of May, *Page 554 
1925, that the above named defendant was on the farm working and out on bail and that so far as this affiant was concerned or the above entitled case was concerned, no jury need be called; that said statements were suppoed to have been made when the Honorable Frank P. Leiper, judge of the above entitled court, was calling a calender; that this affiant has no recollection whatsoever of making any of said statements." Mr. O'Neil averred that he could not recall that the court spoke to him at any time concerning the calling of a jury, and declared that never at any time had he waived the rights of the defendant to a speedy trial within the time provided by law; that he never was authorized by the defendant to waive the right he had to be tried within six months after the filing of the information.
By affidavit filed February 27, 1926, Raymond Hildebrand, the county attorney, deposed that on or about the 2d of May, 1925, when Judge Leiper was considering the matter of setting cases for trial, inquiry was made by the judge of the attorneys present who were representing litigants and defendants in cases pending in the court, as to whether it was advisable, desirous or imperative that a jury term be held in May, 1925, and during the discussions at that time between the members of the bar and the judge, Mr. O'Neil, one of the attorneys for the defendant, stated to the court that inasmuch as Turlok was down on his farm working and as he was out on bail "so far as he was concerned or so far as the above entitled case was concerned, no jury term need be called"; that as a direct result of the expression of opinion and representation thus made by the attorney for the defendant the judge finally decided that no jury would be called for the May, 1925, term.
The motion came on for hearing on February 27, 1926, and was then argued and submitted for decision. Thereafter, and on March 1st, Judge Leiper filed an affidavit in which he said that upon the opening day of the May, 1925, term, May 2, or within a few days thereafter, he called the calendar of both criminal and civil cases for the purpose of ascertaining what causes, if any, were ready for trial. At the time there *Page 555 
were present in open court the clerk of the court and Messrs. Hildebrand, Foss and O'Neil, together with the court reporter. There may have been others present. After calling the calendar it was ascertained that there were but two or three criminal cases and only one or two civil cases ready for trial. The civil cases were of minor importance. "That a discussion was had between himself as the judge of the above entitled court, and each and all of the members of the bar above mentioned, as to the necessity of calling a jury during the May term of court for the purpose of trying the above entitled cause and other causes then ready for trial; that I then and there stated to the several counsel in substance that if they were desirous of having these cases, or any one of them, tried that I would call a jury at that time or at some time during the May term. * * * That while I do not remember the exact words in which Mr. D.J. O'Neil replied, in substance Mr. O'Neil then said to me that insofar as the above entitled cause was concerned the defendant was out on bail; he was down on his farm farming; they did not want to try the case at that term and that no jury need be called insofar as that case was concerned. * * * That had it not been for what Mr. D.J. O'Neil then said to me relative to the above entitled cause a jury would have been called during the May, 1925, term of this court and this case would have been set at that time and would have been tried during that term, together with the other causes then at issue."
On that day, March 1, Mr. O'Neil filed an affidavit in reply to Judge Leiper's affidavit, in which he said "that affiant never at any time stated that they did not want to try the TurlokCase at the May, 1925, term, and absolutely denies making any such statement." He then went on to say that prior to the May term he and his partner, Mr. Hurley, had repeatedly discussed among themselves the possibility that the Turlok Case and the case of State v. Arkle, then pending in Richland county, would not be called for trial within the six months following the filing of the informations, and they had determined upon a course of procedure which would not *Page 556 
jeopardize the rights of their clients in those cases. They were of the opinion that the cases would not be called for trial within the six-months' period, and in that event had decided to file motions to dismiss.
After consideration of these affidavits the court, on March 1, overruled the defendant's motion to dismiss. Trial followed immediately, during which the same objection was presented and overruled. The jury again disagreed. The cause came on for trial again upon March 15, 1926. The same objection was interposed at that trial. The court overruled the motion and directed the clerk to call a jury. Mr. Hurley then interposed an additional plea and again recited his motion to dismiss. In overruling the motion the court said it might go to all the proceedings in the case. The trial then proceeded with the result that upon that day the jury found the defendant guilty as charged, fixing his punishment at not less than one nor more than two years in the state prison. On April 1, 1926, the court directed the clerk to amend the minutes of May 16, 1925, to read as follows:
"Term May 1925 Date May 16th 1925 Day of Term Journal L. Page 10 1/2.
"Court convened with the following persons present: Hon. Frank P. Leiper, Judge. Frank A. Parrett, Clerk of Court. A.L. Thompson, Court Reporter. Raymond Hildebrand, County Attorney. D.C. Warren. D.J. O'Neil. F.S.P. Foss.
"The Court at this time called the calendar of all cases then pending in this Court, both civil and criminal. The Court inquired of Counsel present as to whether or not a jury should be called; and, by agreement of Counsel present, all of the causes pending and ready for trial were continued over the term."
On April 24, 1926, counsel for defendant moved the court to "correct the minutes of this court on May 16th so that the said minute will speak the truth" by adding to the minute the following: "The foregoing minute was incorporated in the minutes of this court on April 1, 1926, by the clerk of this court, *Page 557 
under the direction of the District Judge,'" adding that he desired to offer proof if the court required it, to which the court replied that it would hear anything counsel had to offer. The clerk of the court was then sworn. He testified he had been clerk for a number of years and was discharging his functions during all of the times then under consideration. He testified that on May 16, 1925, he did not make any memorandum concerning the particular matter. The minute was entered on April 1 pursuant to Judge Leiper's instructions. The judge told him what should go in. Upon examination by the court he testified that on May 16 there were present in court, in addition to himself and the judge, Mr. Thompson, the court reporter, Mr. O'Neil, Mr. Foss and Mr. Hildebrand. He continued: "My recollection is that there was a discussion had at that time as to whether or not a jury would be called. The court at that time discussed over with the counsel the matter of calling a jury. I believe there was something said between the court and D.J. O'Neil, one of the attorneys for Turlok, about the setting of that case, or the trial of that case, at that term, but just what was said at that time I don't remember. I do remember there was some discussion about it. I don't remember what was said in here, but I remember something that was said. It was in the office, in my office. It was said by Mr. O'Neil. It was about the Turlok case. He said that Frank was down on the farm and he did not care whether they tried it or not, he was referring to Turlok * * * When I went to the office it was my understanding that it was agreeable that everything go over the term * * * I got that impression or understanding from a discussion held between the court and counsel here present."
From Mr. Parrett's testimony it seems the court convened regularly each Saturday; it convened on May 2, May 9 and May 16, and the latter date rather than the first was the one upon which the judge decided to continue the cases. Nothing further was offered by the defendant. The court denied the motion. *Page 558 
1. The defendant's main contention is that the court erred in[1] refusing to sustain the motion to dismiss and in connection with this subject erred in amending the minute of May 16, 1925.
If a defendant whose trial has not been postponed upon his application is not brought to trial within six months after the filing of the information against him, it is the duty of the court upon defendant's demand, unless good cause to the contrary is shown, to order the prosecution to be dismissed. (See. 12223, Rev. Codes 1921; State v. Arkle, 76 Mont. 81, 245 P. 526;Ex parte Apakean, 63 Cal.App. 438, 218 P. 767.) When it appears that a case has not been brought to trial within six months after the filing of an information and it does not appear that his trial has been postponed upon his application, the burden is upon the state to show good cause for not bringing him to trial within the time prescribed by the statute. (State v.Arkle, supra.) That burden is sustained if it be shown that the trial has been postponed with defendant's consent. He may waive his right to a speedy trial. (State v. Test, 65 Mont. 134,211 P. 217.) His consent to a postponement may operate as a waiver of his right to urge the objection. (People v. Rongo,169 Cal. 71, 145 P. 1017; People v. Douglass, 100 Cal. 1,34 P. 490; People v. Peter, 20 Cal.App. 151, 128 P. 415;People v. Magee, 60 Cal.App. 459, 213 P. 513.)
A defendant is not entitled to a dismissal when the delay has[2] been caused by a mistrial. (Ex parte Ross, 82 Cal. 109,22 P. 1086; People v. Chadwick, 143 Cal. 116, 76 P. 884.) The mistrials in October, 1925, and March, 1926, therefore do not affect the situation. The question really is, did the court err in forcing defendant to trial upon October 2, 1925, despite his objections? If its action then was unwarranted the defendant was justified in renewing the motion to dismiss in February, 1926, and at the trial which commenced on March 1, as well as the one of March 15. Giving the defendant the benefit of the doubt we shall assume that the same showings, substantially, were made by the defendant and the state in *Page 559 
September and October, 1925, as were made in February and March, 1926. The minute entry of May 16, 1925, as it now appears then did not exist. Upon the argument in this court the action of the trial court in directing the clerk to amend that minute came in for severe criticism by defendant's counsel, in fact, his main argument was directed to that matter. He charged that this minute entry, made ten and one-half months after the date of the alleged occurrence, was made at the judge's direction on April 1, two days after the decision in State v. Arkle, supra, was rendered, to obviate the force of that decision; and that the entry is null and void.
Every court of record has the inherent right to cause its acts[3] and proceedings to be set forth correctly in its records, and to correct and amend the same so as to make them speak the truth. (State v. Poole, 68 Mont. 178, 216 P. 798; 15 C.J. 976.)
It is the duty of the clerk to keep a minute-book in which should appear correctly the daily proceedings of the court (subd. 5, sec. 4815, Rev. Codes 1921); still the clerk is but an instrument and assistant of the court, subject to the court's directions, and "whenever it is properly brought to the knowledge of the court that the record made by the clerk does not correctly show the order or direction which was in fact made by the court at the time it was given, the authority of the court to cause its records to be corrected in accordance with the facts is undoubted: Matter of Wright, 134 U.S. 136, 33 L.Ed. 865,10 Sup. Ct. Rep. 487, [see, also, Rose's U.S. Notes]; Balch v.Shaw, 7 Cush. (Mass.) 282; Fay v. Wenzell, 8 Cush. (Mass.) 315; Frink v. Frink, 43 N.H. 508, 80 Am. Dec. 189, 82 Am. Dec. 172; Crim v. Kessing, 89 Cal. 486, 23 Am. St. Rep. 491, 26 P. 1074. In the exercise of this power, the court is not, however, authorized to do more than to make its records correspond to the actual facts, and cannot, under the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never in fact given: Egan
v. Egan, 90 Cal. 15, 27 P. 22." (Kaufman v. Shain,111 Cal. 16, *Page 560 
53 Am. St. Rep. 139, 43 P. 393; People v. Ward, 141 Cal. 628, 75 P. 306; 15 C.J. 975, 976.)
If as a fact on May 16, 1925, the court did make an order continuing the cause for the term based upon the consent of defendant's counsel, that order should have been entered in the minutes of that day.
Lapse of time will not divest the court of its power nor[4] absolve it from its duty to supply deficiencies in the record of its own proceedings where justice and the truth of the case require it. (Lewis v. Ross, 37 Me. 230, 59 Am. Dec. 49;People v. Ward, supra.)
Whether the clerk has recorded an order correctly, or has omitted to record an order, is to be determined by the court[5] whose order is in question. If it shall appear to the satisfaction of the court that its clerk has omitted to incorporate in the minutes an entry which should be recorded, it is not only the right but the duty of the court to order the clerk to complete the record. The order may be made by the court upon its own motion, and without notice (15 C.J. 978), but where an order will affect the rights of litigants it is the better practice to give notice to those who will be affected before making the correction or amendment.
To what extent the judge may call upon his own recollection in determining the character and extent of the amendment cannot be delimited by rule; each case will depend upon its own facts. (SeePeople v. Ward, supra; Christisen v. Bartlett, 73 Kan. 401,84 P. 530, 85 P. 594.)
This matter was before the court in September and October in 1925, and in February and March, 1926, as we have seen. The court had before it the files in the case in which were the affidavits of the defendant, the respective attorneys, and Judge Leiper. The court may have taken these affidavits into consideration as a basis of its determination to supply the omission which it deemed existed in the minutes of May 16, 1925.
Where the court amends its record without giving a party[6] affected an opportunity to be heard, the proper remedy is by motion to have the amendment set aside. (15 C.J. 979.) *Page 561 
This practice was recognized by counsel for defendant when they moved to correct the minutes of the court. Strangely enough,[7] however, they did not move to have the minute expunged as a misstatement of fact, nor changed in any particular except by adding thereto the following: "The foregoing minute was incorporated in the minutes of this court on April 1, 1926, by the clerk of this court under direction of the district judge." This addition does not challenge the truth of the recitation set forth in the minute. In this situation the minute must be admitted as the truth because it imports absolute verity. (State
v. Murphy, 68 Mont. 427, 219 P. 629; 15 C.J. 979; In re Tucker,4 Okla. Cr. 221, 111 P. 665.)
But it is urged that the defendant has the right to have the record appear in this court as it was at the time defendant's motion to dismiss was presented, heard and determined, and the minute was made more than a month after defendant's motion to dismiss had been ruled upon. Upon appeal to this court, however, the minutes which are a part of the judgment-roll will be considered as a part of the record.
Regardless of the minute, however, the determinative question upon the motion to dismiss was, did Mr. O'Neil, one of the attorneys for the defendant, consent to a continuance of the cause over the May, 1925, term of court? Mr. Hildebrand and Judge Leiper say he did. Mr. O'Neil says he did not. Upon this conflict in the evidence the district judge decided in the affirmative and in view of the presumption of validity which accompanies the acts of district courts in passing upon disputed questions of fact, we cannot say that the court erred in holding in the affirmative.
Counsel for defendant say, correctly, that the burden is on the state to show good cause for its omission to bring defendant to trial within six months. But the burden is upon the defendant to show that the order of the court made with reference thereto is erroneous. We cannot say that the evidence does not preponderate against the defendant.
In passing, we observe that when Mr. Parrett was on the stand, called by the defendant to prove the allegations of his *Page 562 
motion to correct the minutes, he gave testimony which corroborates the affidavits of Judge Leiper and Mr. Hildebrand.
2. But it is insisted that even if the minute speaks the truth[8] it does not bind the defendant for the reason that he never authorized his counsel to consent to a continuance of his trial, — "his attorney had not the right or authority to make such an agreement." Counsel for defendant rely upon section 8974, Revised Codes of 1921, which so far as applicable here provides that an attorney and counselor has authority "to bind his client in any steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise."
We borrowed this statute from California, and it has been under consideration frequently by the courts of that state. InPreston v. Hill, 50 Cal. 43, 19 Am. Rep. 647, Mr. Justice Crockett, speaking for the court, said that the statute is only declaratory of the common-law rule except in so far as it provides that the "agreement" by which an attorney may bind his client, in any step in the action, "shall be filed with the clerk or entered upon the minutes of the court." It was not intended to enlarge or abridge the authority of the attorney, but only to prescribe its exercise. (Smith v. Whittier, 95 Cal. 279,30 P. 529; Reclamation District v. Hamilton, 112 Cal. 603,44 P. 1074.)
If the attorney acts within the scope of his authority, express or implied, the client is bound; if the attorney exceeds such authority, the client is not bound. (State v. Dow,71 Mont. 291, 229 P. 402.) In 2 Ruling Case Law, 986, the rule is declared that an attorney of record, by virtue of his employment as such, has implied authority to do all acts necessary and proper to the regular and orderly conduct of the case, which affect the remedy only and not the cause of action, and such acts, in the absence of fraud, will be binding on the client, though done without consulting him, and even against his wishes. The attorney's authority extends to everything necessary to the protection and promotion of the interests entrusted to his care, so far as they are to be affected by the proceedings *Page 563 
in the court where he represents his client, and he may and ought to exercise his discretion in all the ordinary occurrences which take place in relation to the cause. In Preston v. Hill,supra, it is said: "It is held by all courts, without exception, so far as I am aware, that in the absence of fraud, the acts of an attorney in the ordinary conduct of a case will bind his client."
In Continental Building etc. Assn. v. Woolf, 12 Cal.App. 725,108 P. 729, the court said to give section 283 (subdivisions 1 and 2 of that section are identical with subdivisions 1 and 2 of our section 8974) "a literal construction would greatly retard the business of the court and lead to absurd consequences. Every admission, consent or agreement made in the course of the trial would either have to be reduced to writing and filed with the clerk or by the clerk entered in its minutes. It was never intended that the section should receive such a construction."
A party may appear in person or by attorney, but when he appears by attorney, the latter, while acting as such, has control and management of the case, and his sayings and doings in the presence of the court concerning the cause are the same as though said and done by the party himself. (Coonan v.Lowenthal, 129 Cal. 197, 61 P. 940.)
As a general rule the stipulation of an attorney respecting a cause in his charge will be presumed to have been authorized by his client. (Clemens v. Gregg, 34 Cal.App. 245,167 P. 294.) The rule will be applied where the stipulation is within the express or implied authority of the attorney and there is nothing apparent to the contrary. Whether an agreement to delay or postpone a trial is such an "agreement" as is contemplated in section 8974, supra, is doubtful. (Howe v. Lawrence,22 N.J.L. 99.) Regardless of that, we have no doubt that it is within the implied power of an attorney regularly employed in a cause to consent to the settling of, or continuance of, a cause for trial. (North Missouri R.R. Co. v. Stephens, 36 Mo. 150, 88 Am. Dec. 138.) This is one of the acts necessary and proper to the regular and orderly conduct of a case in its *Page 564 
transition through the court. It would be strange indeed if the court in arranging its trial calendar could not rely upon the word of counsel representing suitors in the court. A contrary holding would lead to absurd results. Among other evil consequences would be an extension of "the law's delays."
3. During the trial the state offered in evidence a portion of[9] the records of the court showing certain steps which were taken in the trial of Ole Skrukrud. The state then offered the verdict which the jury returned in that case. This was objected to as incompetent, irrelevant and immaterial, and the further reason was given that the same could not serve any purpose in the case except to prejudice the jury against the defendant. The court ruled that the record might be "admitted solely for the purpose of showing jurisdictional matters and under instructions which the court will give." Respecting the matter the court gave instruction No. 10, which reads as follows: "You are instructed that the verdict in the case of State of Montana v. Ole Skrukrud was received in evidence for the sole purpose of showing jurisdiction of the court which tried the case and the regularity of the proceedings and that that verdict should be considered by you for no purpose in arriving at your verdict in this case." We think the evidence was wholly immaterial but we cannot see that it had any tendency to prejudice the defendant. Skrukrud might have been convicted regardless of defendant's testimony. In other words, the jury might have believed defendant's testimony and still have convicted Skrukrud. The instruction which the court gave and which, presumably, was followed, advised the jury that it should not consider the verdict in the Skrukrud Case in arriving at a verdict in the instant case. The error in admitting the evidence was not prejudicial.
4. The court instructed the jury correctly, and as fully as was necessary, and consequently did not err in refusing any instruction asked by the defendant. Nor did the court err in ruling upon the admission or rejection of testimony. *Page 565 
Complaint is made that the court unduly restricted counsel for defendant in cross-examination, but an examination of the instances called to our attention does not disclose error.
The defendant was found guilty of perjury, that all too prevalent crime, in accordance with the rules of law. He must suffer the consequences. The judgment and order are affirmed.
Affirmed.
ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.